EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* BRAULIO MALDONADO, acusado y apelante.

No. 3416.—*Visto:* Mayo 31, 1928. *Resuelto:* Junio 8, 1928.

*F. Cervony Gely,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El apelante fué convicto del delito de ataque para cometer homicidio, y alega que la corte inferior erró al negarse a sobreseer el caso por haber radicado el fiscal de distrito una nueva acusación en la secretaría de la corte, sin permiso de ésta y por haberse negado posteriormente a sobreseer una

acusación anterior presentada después de haber expirado los ciento veinte días siguientes a la fecha del arresto del acusado.

Bastaría decir que no se hace un señalamiento de errores separados, y que el alegato del apelante no contiene indicación alguna respecto a la página o parte de la transcripción de la evidencia en que se puedan encontrar los hechos en que se funda.

Tampoco un examen somero de los autos revela base satisfactoria alguna para la contención del apelante. La única acusación que se ha elevado a este tribunal es una que fué suscrita y jurada por el fiscal de distrito el 1°. de noviembre de 1926. A esta acusación el acusado, en noviembre 16, hizo la alegación de inocente. La transcripción taquigráfica dice que al comenzar el juicio, el letrado del apelante solicitó el archivo del caso por el fundamento de que, después del sobreseimiento de una acusación presentada el 28 de octubre de 1926, por no haber sido radicada dentro de los ciento veinte días siguientes a la fecha de la detención del acusado, el fiscal de distrito presentó una nueva acusación sin permiso del tribunal y dejando de presentarla en corte abierta, según lo exige la ley. Los autos nos informan, además, que el fiscal se opuso al archivo solicitado, que la corte declaró no haber lugar a la moción, y que el acusado anotó excepción. A falta de indicación alguna respecto a los fundamentos que tuvo el fiscal de distrito para oponerse a la moción, o a los motivos que indujeron a la corte a sostener la objeción, no podemos asumir, como lo hace el apelante, que los hechos a que se hace referencia en la moción solicitando el archivo eran materia de récord en la corte inferior al tiempo de hacer tal moción. Hasta tanto se haga aparecer lo contrario, debe presumirse que los procedimientos han sido regulares y que ha sido correcta la resolución del juez sentenciador.

De todos modos, el presente caso parecería regirse por

la doctrina sentada en el de *El Pueblo* v. *Barbosa,* 34 D.P.R. 112. Los casos de *People* v. *Heider,* 11 L.R.A. (N. S.) 257, e *In re* Begerow, 56 L.R.A. 528, en que se basa el apelante, no son aplicables. El 'fiscal de esta corte los ha distinguido del presente caso en forma tal que nos releva de la necesidad de hacer una discusión adicional.

La otra indicación, al efecto de que el veredicto es contrario a la prueba, también carece de mérito.

*Debe confirmarse la sentencia recurrida.*