CLEMENTE FALERO, peticionario, v. LA CORTE DE DISTRITO DE HUMACAO, HON. GABRIEL CASTEJÓN, JUEZ, demandado.

No. 650.—*Sometido:* Marzo 25, 1929. *Resuelto:* Abril 10, 1929.

*F. Cervoni* abogado del peticionario.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Clemente Falero fué arrestado en 6 de mayo de 1928, bajo la imputación de un delito de asesinato en primer grado.

El Fiscal del Distrito de Humacao presentó en 30 de enero de 1929, ante la corte de distrito, la acusación contra Falero, por el citado delito de asesinato en primer grado; y al día siguiente pidió, y obtuvo, el sobreseimiento y archivo de esa acusación. El mismo día 31 de enero de 1929 presentó el fiscal ante la corte, una nueva acusación contra

Clemente Falero, por asesinato en primer grado. El acusado pidió el sobreseimiento, fundando su petición en que habían transcurrido más de doscientos días desde la fecha en que fué detenido por el delito que se le imputa, sin que se presentara la acusación, y en que la ahora presentada lo fué sin permiso de la corte. Esta negó el sobreseimiento, y contra su resolución se ha presentado el recurso de *certiorari* que resolvemos.

Como dato de interés para el caso, es de notarse que según alegó el mismo Falero ante la corte de distrito de Humacao, en su moción para sobreseimiento, en febrero 13 de 1929, el acusado se hallaba en libertad bajo fianza, desde el mes de junio de 1928, sin que se precise el día.

El texto del artículo 452 del Código de Enjuiciamiento Criminal es claro. El auto de sobreseimiento imposibilita la formación de nuevo proceso por el mismo delito, en los casos de delito menos grave; pero no en los casos de delito grave o *felony*. El artículo no fija condición alguna para la incoación de nuevo proceso, o presentación de acusación.

Hemos estudiado la resolución de la corte, que se ajusta a la ley y a la interpretación que de ella se ha hecho por este tribunal.

En el caso *El Pueblo* v. *Rivera,* 7 D.P.R. 332, este tribunal declaró que la desestimación de una acusación en los casos de *felony* o delito grave, no constituirá un obstáculo para una nueva acusación.

En el caso *El Pueblo* v. *Barbosa,* 34 D.P.R. 112, ha determinado este tribunal con toda claridad la diferencia que hay entre los casos de sobreseimiento (artículos 448 y 452 del Código de Enjuiciamiento Criminal) y los de desestimación de la acusación. Después de copiar el artículo 452 que citamos, se dice en la opinión que la ley no exige orden de la corte para la nueva acusación; y se determina la existencia de una diferencia entre el sobreseimiento y la desestimación. Lo único que se exige a la nueva acusación es que se presente

474

antes de que prescriba el delito, o mejor, el derecho a perseguirlo.

La resolución de la corte de distrito, perfectamente fundamentada, es correcta, y no podemos revocarla.

*Debe declararse sin lugar la petición, y anularse el auto dictado,* con devolución a la corte de distrito de los autos del caso.