EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PABLO HIRALDO QUIÑONES, acusado y apelante.

Número 15611.
*Sometido:* 7 de julio de 1954. *Resuelto:* 21 de julio de 1954.

*Rafael F. Barbosa, Santos P. Amadeo, Rafael V. Pérez Marchand,* y *Antonio José Amadeo,* abogados del apelante; *Hon. Secretario de Justicia José Trías Monge* y *Rafael L. Ydrach Yordán, Fiscal Interino, Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del Tribunal.

La acusación presentada en este caso reza en lo pertinente así: "el fiscal formula acusación contra Pablo Hiraldo Quiñones . . . por Infr. a la Ley núm. 220 (Ley de Bolita) . . . cometida de la manera siguiente: el referido acusado . . . allá para el día 9 de agosto de 1952 y en Carolina . . . ilegal, voluntaria y criminalmente tenía en su poder y en su casa . . . 27 listas con números de tres cifras, guión y número a la derecha y $56.68 en moneda legal americana, materiales e implementos éstos que pueden usarse y que usaba el acusado . . . en la explotación de los juegos ilegales de la bolita, boli-*pool*, . . . (fdo.) Zoilo Dueño González, Fiscal del Distrito. La acusación que antecede está basada en el testimonio de testigos examinados bajo juramento ante el fiscal W. Luyando Charneco, creyendo solemnemente que existe justa causa para presentarla al tribunal. (fdo.) Zoilo Dueño González, Fiscal del Distrito. Jurado y firmado ante mí, hoy día 20 de agosto de 1952. (fdo.) Juan Morales Díaz, Subsecretario, Tribunal Superior."

Celebrado el juicio, durante el cual se plantearon distintas cuestiones de derecho y se aportó prueba testifical, el tribunal declaró culpable al acusado del delito imputádole y le sentenció a sufrir la pena de seis meses de cárcel, sin costas. El acusado apeló. Su única contención ahora es que el tribunal a quo erró "al declarar sin lugar la moción solicitando la desestimación de la acusación por ser ésta nula e ineficaz, ya que la causa probable en que estaba basada dicha acusación fué determinada por un fiscal y no por un magistrado de acuerdo

con el Artículo 2, Sección 10, inciso 3 de la Constitución del Estado Libre Asociado de Puerto Rico y del art. 3 del Código de Enjuiciamiento Criminal de Puerto Rico."

La cuestión así planteada fué decidida adversamente por este Tribunal en el caso de *Pueblo* v. *Ortiz*, ante pág. 257. Por tanto, es innecesario repetir los razonamientos allí expuestos. Sin embargo, como el apelante aduce en su alegato un argumento que no fué considerado por nosotros en el caso de *Ortiz*, supra, creemos conveniente discutir el mismo. Ese argumento es el siguiente: "si el fiscal ya no es magistrado [1] no puede ejercer ninguna función judicial, no importa cuál sea su propósito, porque entonces se estaría violando la doctrina de la separación de poderes que es uno de los puntales fundamentales en que está basado el sistema republicano establecido por nuestra Constitución (Artículo 1, Sección 2)." [2]

Está en un error el apelante. Aunque es muy cierto que hoy día el fiscal no es magistrado y que no puede expedir órdenes de arresto ni ejercer función judicial alguna, él continúa, no obstante, teniendo facultad para determinar la existencia de causa probable para formular acusaciones. *Pueblo* v. *Ortiz*, supra, y *Pueblo* v. *Tribunal Superior*, supra. La determinación de la existencia de causa probable para tal propósito no es una función judicial.

En *People* v. *Bird*, 212 Cal. 632, se presentó una situación muy similar a la aquí envuelta. A pesar de que un magistrado había determinado en reiteradas ocasiones que debía acusarse a Bird del delito de homicidio, el fiscal formuló acu-

---

[1] El art. 13 del Código de Enjuiciamiento Criminal, según fué enmendado por la Ley núm. 22 de 24 de julio de 1952 ( ses. extr., pág. 93) al definir quiénes son magistrados no. incluye a los fiscales. Véase también *Pueblo* v. *Tribunal Superior*, 75 D.P.R. 535.

[2] La Sección 2 del Artículo I de la Constitución del Estado Libre Asociado de Puerto Rico dispone:

"El gobierno del Estado Libre Asociado de Puerto Rico tendrá forma republicana y sus poderes Legislativo, Ejecutivo y Judicial, según se establecen por esta Constitución, estarán igualmente subordinados a la soberanía del pueblo de Puerto Rico."

sación de asesinato. El jurado rindió veredicto de homicidio voluntario. La primera contención del acusado en apelación fué que la sentencia resultaba nula por carecer el fiscal de autoridad legal para formular acusación por un delito distinto al designado en la orden de arresto. El Tribunal Supremo de California en una extensa opinión concluyó que tal contención carecía de fundamento, expresándose así a las págs. 641 y 642:

"El poder judicial generalmente . . . lleva consigo no sólo la facultad de decidir sino también la de dictar órdenes o sentencias válidas. Ninguna actuación que sea meramente preparatoria de la orden o sentencia que habrá de dictarse por una entidad distinta puede ser calificada propiamente de judicial . . . La actuación del fiscal al formular una acusación basada en testimonio tomado durante el examen preliminar no satisface los requisitos de la definición dada al poder judicial por los casos que anteceden ni de ninguna definición que de tal poder se nos ha citado o hayamos podido encontrar. Tal actuación en manera alguna constituye una adjudicación de los derechos del acusado. La acusación fiscal, al igual que la del gran jurado, es meramente un documento acusatorio y no puede ser considerada como otra cosa que no sea como parte del sistema de llevar a un acusado a juicio por el delito en ella mencionado . . . Al presentar la acusación, el fiscal incuestionablemente está obligado a considerar los hechos según los mismos se desprenden del testimonio tomado en el examen preliminar. Él tiene también que hacer conclusiones de esos hechos a la luz de la ley aplicable a los mismos, a fin de imputar al acusado el delito que corresponda. Mas al así proceder, no ejercita una facultad judicial dentro del alcance de las facultades no delegables del poder judicial. El hecho de que un funcionario administrativo o ejecutivo se vea con frecuencia precisado a determinar hechos y a aplicar la ley a esos hechos no lo convierte de por sí en un funcionario judicial ni lo inviste del poder judicial. . . . Al redactar la acusación, la función del fiscal es muy similar a la de un abogado que recibe una relación de hechos de su cliente y radica una demanda en un pleito civil basada en tal relación. . . ."

Véanse también *Ocampo* v. *United States*, 234 U. S. 91, 100; *United States* v. *Harbin*, 27 F.2d 892; Bishop's *New Criminal Procedure*, segunda ed., vol. 1, sec. 237, pág. 189.

Estamos enteramente de acuerdo con lo antes expuesto. Toda vez que el fiscal no ejercita función judicial alguna al formular una acusación luego de determinar la existencia de causa probable fundada en el testimonio de testigos examinados ante él o ante otro fiscal, no ha habido violación de la doctrina de separación de poderes consagrada por nuestra Constitución.

*Debe confirmarse la sentencia apelada.*