EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAÚL ORTIZ DÍAZ, acusado y apelante.

*Número:* CR-65-399    *Resuelto:* 14 de julio de 1967

*Víctor Tirado Saltares, E. Armstrong de Watlington, Edna Abruña Rodríguez* y *Enrique Miranda Merced,* abogados del apelante; *J. B. Fernández Badillo, Procurador General,* y

*Adaljisa Díaz de Collazo, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

El apelante señala como único error en· este recurso la negativa de la Sala sentenciadora a disponer que se le celebrara otra vez la vista preliminar ante el magistrado, después de haber decretado el archivo de la acusación y ordenado la radicación nuevamente de la misma.

Surge del récord que en 6 de abril de 1965 se radicó acusación contra el apelante imputándole que allá en o para el día 19 de noviembre de 1964 cometió un delito contra natura. Al dorso de la acusación se hace constar que el acusado fue ingresado en la cárcel dicho día 19 de noviembre de 1964. El día 13 de abril de 1965 se dio lectura a la acusación y el apelante hizo alegación de inocencia. Hay en los autos la siguiente resolución de la Sala sentenciadora fechada el mismo día 13 de abril:

"El Tribunal entiende que ya se celebró la vista preliminar en este caso. Lo que hubo fue un error técnico y se ordenó nueva radicación y por eso el Tribunal lo declaró sin lugar. Los hechos son los mismos y ocurrió la vista preliminar. De llevarse a cabo la vista preliminar serían los mismos testigos y la misma prueba que tendría el Juez para determinar causa probable."

El caso fue visto el 11 de mayo de 1965, se declaró convicto al apelante y se le dictó sentencia de 5 a 10 años de presidio.

En resolución de 25 de abril de 1966 la Sala sentenciadora explica que el Juez de Distrito oportunamente había hallado causa probable en vista preliminar; que la acusación se había radicado fuera del término de ley; que el acusado había solicitado el archivo y sobreseimiento del caso por ese motivo; que el tribunal declaró con lugar la petición y decretó el archivo y sobreseimiento sin perjuicio, y ordenó al fiscal que radicara una nueva acusación y se señalara vista para la lectura de la misma. En ese momento la

defensa levantó la cuestión de que por no haberse celebrado la vista preliminar esta nueva acusación debería suspenderse o archivarse o enviarse el caso al Tribunal de Distrito para la celebración de dicha vista y determinación de causa probable, a lo cual no accedió la Sala. Ése es el error imputado.

La filosofía de las actuales Reglas de Procedimiento Criminal y el gran paso de avance que trajeron sobre la legislación y la jurisprudencia anterior, es que nadie debe ser sometido a los rigores de un juicio adversativo en donde ha de determinarse su culpabilidad o inocencia de la comisión de un delito sin que antes *el Poder Judicial mismo* hubiera determinado causa probable para dicho procesamiento. Reglas 22(c), 23(c), 24(a)(b), 24(c), 35(a), y véase Regla 38(c).

Esta última Regla permite en el Tribunal de Distrito, antes de comenzar el juicio, la adición de nuevos cargos a la denuncia así como la adición de nuevos acusados "a quienes se les hubiera, celebrado los procedimientos preliminares provistos en las Reglas 6, 7 y 22". Por lógica, lo anterior implica que si se deseare adicionar nuevos cargos a la denuncia o nuevos acusados, deberá acudirse primero a dichos procedimientos preliminares en cuanto a tales nuevos cargos o nuevos acusados. Hasta donde sabemos es ésa la única situación expresa en que después de haber salido el procedimiento de la etapa ante el magistrado y ya en el tribunal, ha de volverse a esa etapa.

La Regla 64(n)(2) dispone la desestimación de la acusación o denuncia cuando sin justa causa ésta no se presenta dentro de los 60 días del arresto o citación del acusado. La Regla 67 estatuye que la desestimación no impide la iniciación de otro proceso por el mismo delito grave cuando aquélla se decretare por razón de los fundamentos de la Regla 64(n). En este caso la Sala sentenciadora desestimó, sin perjuicio, la acusación, por el fundamento de no haberse

presentado ésta dentro del término de 60 días que fija la Regla 64 (n) (2) y ordenó una nueva radicación. Concebimos que la orden o permiso para una nueva radicación no era imprescindible a la luz del texto de la Regla 67.

■ Es cierto que la acusación constituye la primera alegación por parte de El Pueblo en un proceso en el Tribunal Superior—Regla 34 (a)—y que hasta que no se presenta la misma no podrán llevarse a cabo aquellos trámites del juicio para determinar finalmente la inocencia o culpabilidad de una persona. Pero la presentación de la acusación es sólo una etapa en todo el proceso criminal para perseguir el delito, como lo son otras etapas separadas su lectura, el juicio y fallo, y la sentencia. El proceso para perseguir el delito no comienza con la presentación de la acusación. Por disposiciones expresas de las Reglas vigentes comienza con la determinación de causa probable y el consiguiente arresto o citación, que es cuando el ciudadano queda ya sujeto a responder en un juicio adversativo en corte de la comisión de un delito. Cfr. *Pueblo* v. *Tribunal Superior*, 81 D.P.R. 455 (1959); *Martínez* v. *Tribunal Superior*, 81 D.P.R. 945 (1960). De no ser así resultaría incorrecta la norma de ley ya sentada, que el arresto anteriormente, y la determinación de causa probable y arresto o citación al presente, interrumpen los períodos prescriptivos de los Arts. 78 y 79 del Código Penal, para la persecución del delito. Véanse: *Pueblo* v. *Rivera*, 9 D.P.R. 403 (1905); *Pueblo* v. *Capestany*, 37 D.P.R. 586 (1928); *Pueblo* v. *Báez*, 40 D.P.R. 15 (1929); *Pueblo* v. *Lugo*, 58 D.P.R. 183 (1941).

■ Convenimos con la Sala sentenciadora que en las circunstancias de este caso era innecesario e inoficioso volver a los procedimientos preliminares de determinación de causa probable cuando ordenó una nueva radicación. No se trata de una nueva acusación que contuviera cargos distintos o adicionales o que incluyera a otros acusados. Más que de una

nueva acusación, en su efecto legal se trata aquí de la radicación *nuevamente* de la acusación.

Puede ser cierto que la acusación nuevamente radicada venía sujeta a que fuera solicitada su desestimación bajo la Regla 64, pero ya la Regla 66 dispone que: ". . . Si el tribunal declarare con lugar una moción [de desestimación] basada en defectos en la presentación o tramitación del proceso, o en la acusación o denuncia, podrá también ordenar que se mantenga al acusado bajo custodia, o que continúe bajo fianza por un término específico, *sujeto a la presentación de una nueva acusación o denuncia.* Nada de lo aquí expresado afectará las disposiciones sobre los términos de prescripción." (Énfasis nuestro.) Esta Regla 66, a la luz de la 67 que permite la iniciación de otro proceso por el mismo delito cuando éste es grave, rechaza cualquier ataque bajo la Regla 64 (n) a la acusación nuevamente radicada en este caso.

Debe aclararse que este caso no levanta problema alguno sobre el derecho de un acusado a la prescripción de su delito. Los hechos, según imputados, ocurrieron el 19 de noviembre de 1964. Por la evidencia, han podido ocurrir quizás días antes o semanas antes. Aún así no prescribiría el delito hasta fecha cercana al 19 de noviembre de 1967. No puede concebirse que el archivo de la primera acusación y radicación de la otra, lo cual ocurrió el 6 de abril de 1965, pudo afectar el derecho de prescripción del acusado. Más aún, se le dictó sentencia final condenatoria en mayo 11, 1965, antes de 1 año de cometidos los hechos.

La filosofía de las reglas quedaba cumplida en la nueva radicación ordenada que sometió al acusado a un juicio, porque ya el Poder Judicial había determinado causa probable contra él por esos hechos. *Por lo anteriormente expresado se confirmará la sentencia. Por circunstancias que surgen del récord el mínimo impuesto de 5 años se rebajará*

*a 2 años y así se cumplen mejor los fines de la sentencia indeterminada.*

El Juez Asociado Señor Ramírez Bages disintió en opinión separada.

—O—

Opinión disidente emitida por el Juez Asociado Sr. Ramírez Bages

San Juan, Puerto Rico, a 14 de julio de 1967

Disiento por creer que la segunda acusación presentada en este caso[1] no constituye "la iniciación de otro proceso" a que se refiere la Regla 67 de las de Procedimiento Criminal.[2]

La Regla 64(n) proviene del Art. 448 del Código de Enjuiciamiento Criminal, 34 L.P.R.A. sec. 1631. Este artículo se tomó a su vez del Art. 1382 del Código Penal de California, tal y como éste existía a principios de siglo.

Los términos que se establecían en el Art. 448 del Código de Enjuiciamiento Criminal eran de (1) 60 días, luego de la detención del acusado para radicarse la acusación, y (2) 120 días, luego de la presentación de la acusación, para la celebración del juicio. En ninguno de los dos supuestos se distinguía entre si el acusado estaba o no detenido. La Regla 64(n) sí distingue, y a ese efecto en caso de que el

---

[1] En *Pueblo* v. *Tribunal Superior*, 84 D.P.R. 140 (1961), dijimos que el proceso criminal en el Tribunal Superior se inicia mediante la radicación de la acusación. Esto no quiere decir que el proceso criminal necesariamente se iniciaba entonces exclusivamente con la presentación de la acusación sino que ésa era la forma de iniciarlo en el Tribunal Superior.

[2] La Regla 67 de las de Procedimiento Criminal dispone que:

"Una resolución declarando con lugar una moción para desestimar no será impedimento para la iniciación de otro proceso por el mismo delito a menos que el defecto u objeción fuere insubsanable, o a menos que tratándose de un delito menos grave (*misdemeanor*) dicha moción fuere declarada con lugar por alguno de los fundamentos relacionados en la Regla 64(n)."

acusado esté detenido señala términos menores que en el caso en que el acusado no esté detenido.

En virtud de las disposiciones del Art. 452 del Código de Enjuiciamiento Criminal (34 L.P.R.A. sec. 1635), el sobreseimiento de una causa por los motivos consignados en los Arts. 448 al 452 de dicho Código imposibilitaba la formación de otro proceso por el mismo delito, si éste era un delito menos grave; pero no así cuando el delito era un delito grave. Véase *Pueblo* v. *García*, 71 D.P.R. 227 (1950).

Desde la vigencia del Código de Enjuiciamiento Criminal en el año 1902 los magistrados y los promotores fiscales (los promotores fiscales eran considerados por el Art. 13 del mencionado Código como magistrados), y hasta el 25 de julio de 1952, fecha en que comenzó a regir nuestra constitución, tenían la facultad de determinar causa probable, dictar órdenes de arresto y fijar y aprobar fianzas. *Pueblo* v. *Tribunal Superior*, 75 D.P.R. 535 (1953).

Desde el 25 de julio de 1952 se privó a los fiscales de las facultades mencionadas. *López* v. *Tribunal Superior*, 79 D.P.R. 498 (1956); *Pueblo* v. *Tribunal Superior*, supra. Tales facultades quedaron sólo en manos del poder judicial, es decir, en manos de los magistrados. No teniendo estas facultades, ya el tribunal no estaba (como estaba antes) en la obligación de ordenar al secretario que expidiera una orden de arresto contra el acusado tan pronto el fiscal formulaba una acusación imputando un delito público y radicar la misma. Para que el magistrado ordenara el arresto del acusado era necesario que se le demostrara la existencia de causa probable. *Pueblo* v. *Tribunal Superior*, supra.

Sin embargo, aun cuando los fiscales ya no eran magistrados, ni podían expedir órdenes de arresto ni ejercer función judicial alguna, éstos continuaron teniendo facultad para determinar la existencia de causa probable para formular acusaciones. *Pueblo* v. *Quiñones*, 76 D.P.R. 955 (1954). No era necesario para que el fiscal pudiera radicar una

acusación que un magistrado hubiera determinado causa probable para arrestar, es decir, el fiscal podía acusar sin haber una previa determinación de causa probable para arrestar. *Pueblo* v. *Ortiz*, 76 D.P.R. 257 (1954).

Tenemos, pues, que hasta el 30 de julio de 1963, fecha en que entraron en vigor las Reglas de Procedimiento Criminal, y particularmente hasta que la Regla 23 de las de Procedimiento Criminal entró en vigor en 1ro. de julio de 1964, y en tal virtud se estableció el requisito de vista preliminar previo a la presentación de la acusación por el fiscal, éste podía radicar una acusación sin necesidad de gestión, actuación o procedimiento previo alguno. Por lo tanto, estaba justificada en derecho, hasta entonces, la práctica del fiscal radicar nueva acusación cuando prosperaba una moción de sobreseimiento por no haberse presentado la primera acusación dentro de los 60 días del arresto o citación, pues en efecto, la nueva acusación constituía entonces una de las dos formas de "la formación de otro proceso" a que se refería el Art. 452 del Código de Enjuiciamiento Criminal entonces en vigor. La otra forma la constituía el arresto. *Pueblo* v. *Tribunal Superior*, 84 D.P.R. 24 (1961); *Pueblo* v. *Capestany*, 37 D.P.R. 586 (1928); *El Pueblo* v. *Rivera Et Al.*, 9 D.P.R. 403 (1905).

La situación previamente expuesta necesariamente varió al entrar en vigor las Reglas de Procedimiento Criminal y en particular la Regla 23 de las mismas. En la actualidad, cuando se arresta a una persona en las circunstancias prescritas por las Reglas 11 y 12 hay que llevarla ante un magistrado, hay que presentar inmediatamente una denuncia, y se podrá expedir orden de arresto o citación, de acuerdo con las Reglas 6 y 7, en virtud de lo dispuesto en la Regla 22. De lo contrario no se puede arrestar excepto mediante denuncia y determinación de causa probable como se dispone en las Reglas 5, 6 y 7. Por último, la denuncia y la orden de arresto o citación se deben remitir a la sección y sala

correspondiente del Tribunal de Primera Instancia en los casos de delitos graves a los fines de la celebración de la vista preliminar provista por la Regla 23 para determinar si existe causa probable para creer que se ha cometido un delito. Determinado que existe tal causa probable, el magistrado detiene a la persona para responder por la comisión del delito y es entonces, y sólo entonces, que el fiscal podrá presentar la acusación que procediere. Regla 24(b).

En *Pérez Vega* v. *Tribunal Superior*, 93 D.P.R. 749 (1966), dijimos que: "La Regla 34(a) es una definición de la acusación pero no pretende establecer límites para la prescripción del delito. Difícilmente puede sostenerse que la maquinaria del Estado no comienza a moverse contra el acusado hasta el día en que formalmente se radica una acusación y que no ocurre nada durante los pasos anteriores de determinación de causa probable y arresto."

Como hemos demostrado previamente, luego de entrar en vigor las Reglas de Procedimiento Criminal, no puede iniciarse el proceso criminal de un delito grave con la radicación de la acusación, pues antes de poder alcanzarse esa etapa del procedimiento debe haberse (1) radicado una denuncia; (2) expedido la orden de arresto; (3) remitido la denuncia y la orden de arresto a la sección y sala correspondiente del Tribunal de Primera Instancia; y (4) celebrada la vista preliminar. Por lo tanto, cuando se desestima la acusación por no haberse presentado ésta dentro de los 60 días de su arresto o citación, se puede traer otra acusación por el mismo delito pero sólo mediante la "iniciación" de otro proceso en la forma que acabamos de reseñar.

En el caso de *Pueblo* v. *Tribunal Superior*, 94 D.P.R. 59 (1967), señalamos que:

"El récord no refleja la existencia de una situación bajo la *Regla* 64(n), y aun cuando la Sala pretendiera actuar bajo la misma, sería evidente en los autos la presencia de justa causa para cualquier demora. La Sala tampoco tenía facultad para

ordenar la interrupción de términos prescriptivos. Aunque la resolución de 25 de junio de 1964 declarando al acusado prófugo de la justicia menciona como interrumpido cualquier término a invocarse por el acusado de conformidad con las disposiciones de la *Regla* 64, la sentencia objeto de este recurso no dice a qué prescripción se refiere la Sala. Si es a la de la *Regla* 64(n), *era innecesario disponer porque ordenada la desestimación de la acusación, se comienza de nuevo a procesar por el mismo delito si éste es grave. Si es menos grave la desestimación termina definitivamente la causa.*—Regla 67." (Énfasis nuestro.)

Se arguye que de acuerdo con la Regla 66 de las de Procedimiento Criminal la radicación de una nueva acusación era lo procedente en este caso. Se nos dice que la decisión en *Pueblo* v. *Tribunal Superior*, 94 D.P.R. 59, no tiene el alcance que le hemos atribuido pero no se precisa cuál es el alcance que se le quiso dar.

Concluimos que la Regla 66 no es de aplicación a las circunstancias del caso ante nos. Esta Regla establece en relación con mociones para desestimar la acusación, denuncia o cualquier cargo de las mismas, que:

"Si la moción se basare en defectos de la acusación, denuncia o pliego de especificaciones que pudiesen subsanarse mediante enmienda, el tribunal ordenará se haga la enmienda, y denegará la moción. Si el tribunal declarare con lugar una moción basada en defectos en la presentación o tramitación del proceso, o en la acusación o denuncia, podrá también ordenar que se mantenga al acusado bajo custodia, o que continúe bajo fianza por un término específico, sujeto a la presentación de una nueva acusación o denuncia. *Nada de lo aquí expresado afectará las disposiciones sobre los términos de prescripción.*" (Énfasis nuestro.)

Procede la citada Regla, de los Arts. 147, 148 y 157 del Código de Enjuiciamiento Criminal (34 L.P.R.A. secs. 333, 334 y 368) los que a su vez proceden de los Arts. 997, 998 y 1008 del Código de Procedimiento Criminal de California.

Los Arts. 147 y 148 del antiguo Código de Enjuiciamiento Criminal se encontraban en el Capítulo 21 de dicho Código. Dicho capítulo establecía (Arts. 145–149) que una

254

acusación denunciando un delito grave que no viniese firmada y jurada por el fiscal será desestimada por el tribunal.(³) Los citados Arts. 147 y 148 se relacionaban con la vista de la moción al efecto, la resolución correspondiente y con la orden del tribunal para que se formulara nueva acusación.

En el caso de *Pueblo* v. *Barbosa*, 34 D.P.R. 112 (1925) se presentó acusación y se sobreseyó por haber transcurrido más de ciento veinte días sin someter al acusado a juicio. Se formuló nueva acusación y el acusado pidió el sobreseimiento por no haberse ordenado por la corte, al sobreseer la primera acusación, que se formulara una nueva. Alegaba el apelante, fundándose en el Art. 148 del Código de Enjuiciamiento Criminal, que en ausencia de dicha orden el fiscal no estaba autorizado para formular nueva acusación. Señalamos en este caso que "El artículo 148 del Código de Enjuiciamiento Criminal invocado por el apelante, no es de aplicación. No se refiere, a casos de sobreseimiento sino a casos de desestimación de acusación en que la corte ordena que se formule una nueva acusación y el acusado queda preso o libre bajo la garantía de una fianza." Véanse, además, *Falero* v. *Corte de Distrito*, 39 D.P.R. 472 (1929), y *Pueblo* v. *Maldonado*, 38 D.P.R. 353 (1928). Resulta evidente, pues que dicho artículo no era de aplicación a los casos en que se sobreseía la acusación por no presentarse acusación o someterse a juicio dentro del término prescrito por la ley.

El Art. 157 del mencionado código señalaba que una resolución declarando con lugar una excepción perentoria excluirá la formación de otro proceso por el mismo delito, a no ser que a juicio del tribunal, la objeción en cuya virtud fuese admitida la excepción perentoria, pudiera suscitarse

---

(³) La actual Regla 64 (c) de las de Procedimiento Criminal establece como fundamento de la moción para desestimar "Que la acusación o denuncia no han sido debidamente firmadas o juradas."

mediante nueva acusación y ordenase la presentación de ésta. Como vemos, este artículo se refería a una resolución declarando con lugar una excepción perentoria y no al sobreseimiento por no presentarse acusación o someterse a juicio a tiempo.

De la procedencia de la citada Regla 66 y de la jurisprudencia citada se justifica concluir que dicha Regla no contempla la situación ante nos. Asumiendo que la contemplase, habría que interpretarla en conjunción con la Regla 67 y ésta es clara en cuanto a que lo procedente es la iniciación de otro proceso. De manera que si de acuerdo con la Regla 66 el presunto delincuente quedara sujeto a la presentación de una nueva acusación, ésta procedería sólo como resultado de la previa iniciación de otro proceso (Regla 67).

Dispone la Regla 66 que nada de lo expresado en ella afectará las disposiciones sobre los términos de prescripción. Esta disposición, por estar redactada en términos generales y amplios nos induce a concluir que lo dispuesto en la Regla 66 se limita al caso de defectos en la presentación o tramitación del proceso o en la acusación o denuncia, y que no cubre ni gobierna o afecta, en forma alguna, el caso de sobreseimiento de la acusación por razón de la prescripción provista en la Regla 64(n).

Si sostuviéramos la posición del Procurador General, nos encontraríamos ante la situación de que si para la primera acusación había transcurrido el término de 60 días, para la fecha de la radicación de la segunda acusación forzosamente tendría que haber transcurrido dicho término a menos que dicho término no aplicara a una segunda acusación. (Véanse *Falero* v. *Corte de Distrito*, supra; *Pueblo* v. *Ruiz*, 58 D.P.R. 639 (1941); *Pueblo* v. *Comas*, 75 D.P.R. 413 (1953)), o a menos que para la segunda acusación el término no se contara desde el arresto o citación.

Sostener la posición del Procurador General sería restarle importancia a la Regla 64(n)(2) ya que el efecto práctico

sería eliminarla puesto que una vez infringida, lo único que habría que hacer es esperar el día en que se va·a presentar la moción que nos ocupa y radicar una nueva acusación. O tan pronto el ministerio fiscal se da cuenta de que no podrá radicar la acusación a tiempo, en vez de preparar una copia de la acusación prepara dos, radica fuera de tiempo una y luego cuando se presente la moción de desestimación radica la copia restante.

En el caso de *Pueblo* v. *Lugo*, 58 D.P.R. 183 (1941), apuntamos que el término prescriptivo de tres años que para el ejercicio de la acción penal en casos de delitos graves señala el Art. 78 del Código Penal (33 L.P.R.A. sec. 232), con las excepciones expresadas en el mismo, no se interrumpe por el o los arrestos practicados a los fines de otra u otras acusaciones por el mismo delito que fueron sobreseídas por no haberse celebrado el juicio dentro del término fijado por la ley. Al mismo efecto, véanse *Pueblo* v. *Tribunal Superior*, 94 D.P.R. 59; *Pueblo* v. *Tribunal Superior*, 84 D.P.R. 24 (1961). También hemos resuelto que es con el inicio del proceso criminal que se interrumpe el período prescriptivo. *Pérez Vega* v. *Tribunal Superior*, 93 D.P.R. 749; *Pueblo* v. *Tribunal Superior*, supra. Si en el caso que nos ocupa bastara con radicar una nueva acusación o con radicar la misma que se había radicado, nos tendríamos que enfrentar al siguiente problema: Presentada la segunda acusación y a los efectos de la prescripción del delito ¿con qué arresto se va a interrumpir el mencionado período prescriptivo? Con el que fue motivado por los hechos imputados en la acusación desestimada no puede ser, pues habiéndose sobreseída o desestimada la pri-- mera acusación, dicho arresto, según hemos resuelto, no interrumpe el período prescriptivo. ¿Se interrumpiría entonces con la presentación de la nueva acusación? En *Pérez Vega*, supra, apuntamos que no es con la radicación de la acusación que se interrumpe dicho período prescriptivo.

En vista de lo expuesto, creemos, contrario al criterio de la mayoría del Tribunal, que antes de presentar la segunda acusación procedía la denuncia y orden de arresto o citación del apelante y la celebración de la vista preliminar de acuerdo con lo dispuesto en las Reglas 5, 6, 7, 23 y 24 de las de Procedimiento Criminal y que, por lo tanto, sobreseída la primera acusación, ha debido "iniciarse otro proceso" en la forma indicada. Como no se hizo, hemos debido revocar la sentencia dictada en este caso.

