

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Héctor R. Vázquez Alejandro<br><br>Peticionario<br><br>v.<br><br>Superintendente del Centro de Detención de Bayamón<br><br>Recurrido | Certiorari<br><br>2011 TSPR 186<br><br>183 DPR \_\_\_\_ |

Número del Caso: CC - 2011 - 834

Fecha: 9 de diciembre de 2011

Tribunal de Apelaciones:

Región Judicial de Guayama, Panel XI

Panel integrado por su presidente el Juez Cabán García, la Jueza Medina Monteserín y la Jueza Cintrón Cintrón

Abogada de la Parte Peticionaria:

Lcda. Zinia I. Acevedo Sánchez

Oficina de la Procuradora General:

Lcda. Liza M. Durán Ortiz
Procuradora General Auxiliar

Materia: Habeas Corpus

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Héctor R. Vázquez Alejandro
        Peticionario

                                          *Certiorari*

        v.

                              CC-2011-834

Superintendente del Centro de
Detención de Bayamón
        Recurrido


*RESOLUCIÓN*


En San Juan, Puerto Rico, a 9 de diciembre de 2011.

A la solicitud de reconsideración presentada por el peticionario Héctor R. Vázquez Alejandro, se provee no ha lugar.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Martínez Torres emitió un voto de conformidad al que se unen la Jueza Asociada señora Pabón Charneco y los Jueces Asociados señor Kolthoff Caraballo, señor Rivera García y señor Feliberti Cintrón. El Juez Presidente señor Hernández Denton emitió un voto particular disidente al que se unen las Juezas Asociadas señora Fiol Matta y señora Rodríguez Rodríguez.


                        Aida Ileana Oquendo Graulau
                        Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Héctor Vázquez Alejandro

    Peticionario

      v.

                              CC-2011-834

Superintendente del Centro de
Detención de Bayamón 705

    Recurrido




Voto de Conformidad emitido por el Juez Asociado señor MARTÍNEZ TORRES, al cual se unen la Jueza Asociada señora PABÓN CHARNECO, el Juez Asociado señor KOLTHOFF CARABALLO, el Juez Asociado señor RIVERA GARCÍA y el Juez Asociado señor FELIBERTI CINTRÓN



En San Juan, Puerto Rico, a 9 de diciembre de 2011.


En *Pueblo v. Camacho Delgado*, 175 D.P.R. 1 (2008), resolvimos que cuando se desestima una acusación por delito grave, debido al incumplimiento de los términos dispuestos en la Regla 64(n)(5) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, si el Ministerio Público quiere reanudar el procesamiento del individuo afectado tiene que presentar una denuncia nueva y comenzar el proceso desde el inicio. Revocamos la norma dispuesta en *Pueblo v. Ortiz Díaz*, 95 D.P.R. 244 (1967), que hasta entonces le permitía al fiscal proseguir el caso en la etapa previa a la desestimación, sin tener que presentar una denuncia nueva. Nos basamos en que "la norma

establecida en <u>Pueblo v. Ortiz Díaz</u>, *supra*, no se ajusta a las necesidades de la sociedad donde vivimos actualmente ni responde a una concepción correcta de la intención de las Reglas de Procedimiento Criminal en esta materia...". Íd., págs. 19-20.

La norma que ahora nos propone el señor Juez Presidente en su voto disidente adolece del mismo defecto. En primer lugar, tenemos el deber de hacer cumplir las garantías constitucionales que protegen a todo acusado. Nuestro Pueblo no espera menos. De igual modo, nuestro Pueblo tampoco espera que ante la necesidad de la sociedad donde vivimos actualmente de que se haga cumplir la ley, y se procese y encarcele al delincuente, este Tribunal invente derechos que no existen y excarcele con suma facilidad a aquellos que insisten en robarnos nuestra tranquilidad y asesinar nuestro futuro.

En segundo lugar, la propuesta del peticionario, que hoy recoge el señor Juez Presidente, parte de una concepción incorrecta del esquema de las Reglas de Procedimiento Criminal. Señalamos en <u>Pueblo v. Camacho Delgado</u>, <u>supra</u>, que a partir de lo resuelto en <u>Pueblo v. Carrión</u>, 159 D.P.R. 633 (2003),

> el Tribunal descartó el argumento de Carrión, en cuanto a que la primera desestimación era solamente un incidente procesal que no interrumpe el carácter continuado del procedimiento criminal. En cambio, el Tribunal expresó que la desestimación de una causa tiene que entenderse como un evento que da por *terminada* la acción presentada ante los tribunales por el Ministerio Público. [Énfasis en el original.]

Pueblo v. Camacho Delgado, supra, págs. 13-14.

Así pues, está resuelto que el esquema procesal vigente es que la desestimación termina el encausamiento del acusado. Si el Ministerio Público presenta una nueva denuncia por delito grave, basada en los mismos hechos, inaugura un proceso penal nuevo y distinto. Nace entonces un nuevo término de seis meses de encarcelamiento si no se presta una fianza, dispuesto en el Art. II, Sec. 11 de la Constitución, L.P.R.A., Tomo 1.

El proceso no es nuevo para unas cosas y para otras no. Esa distinción no está en la Constitución y es contraria a las reglas procesales. Se basa en una premisa incorrecta: evitar abrir las puertas al Ministerio Público para burlar la protección constitucional contra las detenciones preventivas en exceso de seis meses sin celebrarse juicio, y encarcelar "indefinidamente" al ciudadano.

Esa conclusión es contraria a la Regla 67 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Esta regla permite "la iniciación de otro proceso por el mismo delito" después de la desestimación de un cargo por delito grave. Íd. No permite la iniciación de procesos múltiples. Por lo tanto, la detención preventiva finalizaría con el transcurso de los seis meses y de ninguna manera podría ser "indefinida".

Ese es el esquema procesal vigente. El Ministerio Público puede proceder conforme a lo que la Regla 67 le

permite y este Tribunal no tiene la facultad de negarse a reconocer esa realidad legislada.

De igual modo, como bien señala el señor Juez Presidente, el sistema judicial debe asegurarse de que los casos se atiendan con la diligencia y eficiencia que ameritan. Es deber de todos nosotros, los jueces en todos los niveles, asegurarnos de dar seguimiento adecuado a cada caso y rechazar posposiciones múltiples e injustificadas, de manera que los casos penales se vean dentro de los términos pautados por las reglas. Por eso, es imperativo que en todo proceso penal, el juez tome las medidas necesarias para que el juicio comience antes de que venza el plazo de seis meses dispuesto en el Art. II, Sec. 11 de la Constitución, supra. Así evita que se frustre la detención preventiva que el tribunal ordenó cuando el acusado no prestó la fianza que se le fijó. Cumplir con esto es de interés tanto para el acusado como para toda la sociedad. La retórica de la lucha de clases no va a resolver nada. El propósito de la detención preventiva no es castigar al pobre. Lo que busca es proteger la seguridad pública al propiciar que los casos se atiendan sin demora. La seguridad pública es un interés básico para el cual se organizó un gobierno en la Constitución y merece tanta protección como el derecho de todo acusado a quedar libre cuando esa detención preventiva por el delito imputado exceda de seis meses.

En los momentos de alta criminalidad que vive Puerto Rico nuestro Pueblo reclama que atendamos sus necesidades

de seguridad sin menoscabar las garantías que la Constitución confiere a los individuos. Por consiguiente, despojado de todo adorno, cualquier intento de inventar derechos que no existen para luego lamentar su falta de protección no es más que una manera de obviar la política pública que permea las reglas procesales y las garantías constitucionales mismas. Tanto el acusado como el gran número de nuestros habitantes que a diario son víctimas del crimen exigen y merecen la protección de este Tribunal. "Hacer lo contrario, en total abstracción de la realidad cotidiana del Puerto Rico del Siglo XXI, 'convertiría la factura más ancha en la factura más costosa jamás pagada por el Pueblo de Puerto Rico". Pueblo v. Costas Elena, Rusell, McMillan, res. el 31 de marzo de 2011, 2011 T.S.P.R. 49, 2011 J.T.S. 54, págs. 1145-1146, 181 D.P.R. ___, ___ (2011), Opinión de conformidad del Juez Asociado señor Martínez Torres, a la que se unieron los Jueces Asociados señores Kolthoff Caraballo y Rivera García, citando la Opinión concurrente del Juez Asociado señor Negrón García en RDT Const. Corp. v. Contralor I, 141 D.P.R. 424, 469 (1996).


                         RAFAEL L. MARTÍNEZ TORRES
                         Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Héctor Vázquez Alejandro

    Peticionario

     v.                      CC-2011-834

Superintendente del Centro
de Detención de Bayamón 705

    Recurrido

Voto Particular Disidente emitido por el Juez Presidente señor Hernández Denton al cual se unen la Jueza Asociada señora Fiol Matta y la Juez Asociada señora Rodríguez Rodríguez.

San Juan, Puerto Rico, a 9 de diciembre de 2011.

Por entender que una mayoría de este Tribunal ha desaprovechado una oportunidad para considerar una controversia importante que tenemos por primera vez ante nos, disentimos. El presente caso nos hubiera permitido resolver cuál es el alcance de la cláusula contra la detención preventiva en exceso de seis meses dispuesta en la Sec. 11 del Art. II de la Constitución de Puerto Rico. Art. II Sec. 11 Const. E.L.A., L.P.R.A., Tomo 1.

I.

La Sociedad para Asistencia Legal, en representación del Sr. Héctor Vázquez Alejandro, comparece ante nos y solicita que reconsideremos la

negativa de una mayoría de este Tribunal a excarcelarlo inmediatamente. Los hechos que dan origen al recurso ante nuestra consideración son claros y sencillos.

El señor Vázquez Alejandro fue detenido y encarcelado el 24 de marzo de 2011, por supuestas violaciones al Art. 106 del Código Penal de 2004, 33 L.P.R.A. sec. 4734, así como infracciones a la Ley de Sustancias Controladas, 21 L.P.R.A. sec. 2101, *et seq.,* y la Ley de Armas, Ley Núm. 404 de 11 de septiembre de 2000, según enmendada, 25 L.P.R.A. sec. 455, *et seq.* La Vista Preliminar fue suspendida tres veces. Por ello, el 10 de mayo de 2011, el Tribunal de Primera Instancia archivó la causa por violación a los términos de rápido enjuiciamiento dispuestos en la Regla 64(n) de Procedimiento Criminal. 34 L.P.R.A. Ap. II R.64(n). Ese mismo día, el Ministerio Público sometió nuevamente los cargos contra el acusado, quien, por ser indigente, no pudo prestar la fianza impuesta y permaneció encarcelado. Finalmente, se encontró causa probable para acusarle por asesinato atenuado e infracciones a la Ley de Sustancias Controladas, *supra,* y la Ley de Armas, *supra.*

Así las cosas, el 26 de septiembre de 2011, la defensa presentó una petición de *habeas corpus.* En esencia, la defensa plantea que la Sec. 11 del Art. II de la Constitución de Puerto Rico, *supra*, dispone que "la detención preventiva antes de juicio no excederá de seis meses". Íd. Por ello, al no habérsele celebrado juicio, el acusado ya había cumplido el máximo constitucional de

tiempo en prisión y debía ser excarcelado. El Tribunal de Primera Instancia declaró sin lugar dicha petición, por entender que, aunque se trataba de los mismos hechos alegadamente delictivos, las nuevas denuncias presentadas contra el señor Vázquez Alejandro constituyeron un nuevo procedimiento judicial que dio comienzo a un nuevo término de detención preventiva de seis meses y a un nuevo término de seis meses para iniciar el juicio. El Tribunal de Apelaciones confirmó al foro primario.

Inconforme, el señor Vázquez Alejandro acudió ante nos mediante petición de *certiorari* y *habeas corpus*. Sin embargo, una mayoría de este Tribunal denegó ambas solicitudes. De esa manera, se favoreció el proceder de los foros inferiores. En aquella ocasión, hicimos constar nuestro desacuerdo y expresamos que le concederíamos un término de diez (10) días al Ministerio Público para que se expresara sobre el recurso presentado, en vista de que presenta una controversia nueva e importante de rango constitucional.

Todavía insatisfecho, el señor Vázquez Alejandro acude otra vez ante nos y solicita que reconsideremos esa denegatoria.

## II.

Recientemente, resolvimos que la presentación de nuevas acusaciones que permite la Regla 67 de Procedimiento Criminal, 34 L.P.R.A. Ap. II R. 67, luego de una desestimación por violar los términos de rápido enjuiciamiento, constituye un nuevo proceso criminal desde

la determinación de causa probable para arresto. *Véase*: Pueblo v. Camacho Delgado, 175 D.P.R. 1 (2008). No obstante, dicha expresión se dio en el contexto de la protección constitucional del derecho a juicio rápido. En aquella ocasión, no interpretamos la relación entre la Regla 67 de Procedimiento Criminal, *supra,* y la protección constitucional contra la detención preventiva en exceso de seis meses sin celebrarse juicio. Ambas cláusulas constitucionales están recogidas en la Sec. 11 del Art. II de nuestra Carta de Derechos, *supra*. Sin embargo, son cláusulas independientes que aparecen separadas por otras cinco cláusulas.

### III.

**Considerar la segunda detención del señor Vázquez Alejandro como un nuevo proceso judicial abriría las puertas al Ministerio Público para burlar la protección constitucional contra las detenciones preventivas en exceso de seis meses sin celebrarse juicio. Bastaría dejar transcurrir los términos de rápido enjuiciamiento, esperar el archivo del caso y someterlo nuevamente, para poder encarcelar al ciudadano indefinidamente sin iniciar el juicio.**

Esa cláusula constitucional contra la detención preventiva en exceso de seis meses fue diseñada con el propósito de alentar una actuación diligente y rápida por parte del Ministerio Público. Tan es así que, durante la discusión de la Asamblea Constituyente, el Delegado José R. Gelpí Bosch presentó una enmienda para reducir el término

de la detención a tan solo dos meses. Para una extensa discusión sobre los propósitos de esta disposición constitucional, *véase*: Diario de Sesiones de la Convención Constituyente de Puerto Rico, Ed. Conmemorativa, San Juan, págs. 1593-1597 (2003). Como parte de dicha discusión, el Delegado Gelpí Bosch explicó que era necesaria la reducción del plazo de seis meses, independientemente de que se tratase de una disposición distinta a la de juicio rápido, porque si

> para radicarse una acusación por un delito cometido el actual Código de Enjuiciamiento Criminal, que ha sido interpretado por el Tribunal Supremo de Puerto Rico diferentes veces solamente concede 60 días, ¿por qué vamos a tener en prisión preventiva –que es lo que hacen los fiscales– tener en prisión preventiva a un acusado, no formular la acusación dentro de los 60 días? Y después viene la cuestión del tiempo para celebrarle el juicio que debe ser dentro de 120 días. Íd., pág. 1594.

Por su parte, el Delegado Arcilio Alvarado Alvarado, quien no favoreció la enmienda para reducir el plazo a dos meses, planteó que "[d]entro de los seis meses hay que celebrar el juicio. Si no se celebra el juicio dentro de los seis meses, el hombre va para la calle". Íd. De igual forma, habiéndose eliminado la referida enmienda, el Delegado Jaime Benítez Rexach expresó que, "[e]sto lo que quiere decir es que en los casos donde no ha mediado juicio, una persona no puede estar detenida en la cárcel por más de seis meses. Llega el día del último mes de los seis meses y entonces lo ponen en la calle y eso no impide que se celebre juicio; pero se le celebra juicio ahora

estando como si estuviera bajo fianza, sin estarlo". Íd., pág. 1597.

Ante esta importante discusión en nuestra Asamblea Constituyente, nos reafirmamos en la necesidad de interpretar el alcance de la disposición en controversia con el interés de salvaguardar sus propósitos.

Asimismo, hemos reiterado en el pasado que el recurso de *habeas corpus* está revestido del más alto interés público. Más allá de un rol pasivo frente a controversias ordinarias que dependen de los elementos de juicio que las partes someten, cuando se trata de un *habeas corpus* este Tribunal tiene que responder a un interés primordial del Estado, pues se trata de la libertad de un individuo. Reynolds v. Delgado, 90 D.P.R. 373 (1964). Por ello, frente a la presente controversia constitucional, no debemos tomar livianamente los planteamientos del acusado.

Todo esto cobra mayor importancia a la luz de importantes pronunciamientos del Tribunal Supremo de los Estados Unidos. Dicho foro ha establecido que el derecho a un juicio rápido bajo la Constitución federal responde a la importancia de "prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself". United States v. Ewell, 383 U.S. 116, 120 (1966). **Esas mismas consideraciones de política pública, aunque expresadas en un contexto constitucional distinto, deben movernos a analizar**

**responsablemente nuestra cláusula sobre el periodo máximo de la detención preventiva en espera de la celebración de un juicio.** Más aún, en las presentes circunstancias, en las que si este Tribunal concediera validez a los planteamientos del peticionario, en nada se afectaría la continuidad del segundo proceso criminal.

Finalmente, recalcamos la importancia de que todas las salas del Tribunal General de Justicia que atienden asuntos criminales sean extremadamente ágiles, eficientes y diligentes con el manejo de sus calendarios en casos como el de autos, de manera tal que evitemos enfrentarnos a la presente situación. Esa rapidez que hoy recabamos, cobra trascendencia cuando atendemos casos de acusados indigentes. Esto, pues la disposición contra la detención preventiva en exceso de seis meses es la única esperanza de salir en libertad que poseen quienes no pueden prestar la fianza a la que tienen derecho -de rango constitucional- todos los imputados de delito en nuestro País. **No olvidemos que la cláusula en controversia es la fianza de los pobres.**

Por todo lo anterior, entendemos que es nuestro deber, como máximos intérpretes de nuestra Constitución, expresarnos sobre esta delicada controversia. Por ello, reconsideraríamos.

Federico Hernández Denton
Juez Presidente