RESOLUCIÓN
A la solicitud de reconsideración presentada por el peti-cionario Héctor R. Vázquez Alejandro, se provee “no ha lugar”.
Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Martínez Torres emi-tió un voto de conformidad, al que se unieron la Jueza Aso-ciada Señora Pabón Charneco y los Jueces Asociados Señores Kolthoff Caraballo, Rivera García y Feliberti Cintrón. El Juez Presidente Señor Hernández Denton emi-tió un voto particular disidente, al que se unieron las Jue-zas Asociadas Señoras Fiol Matta y Rodríguez Rodríguez.
(Fdo.) Aida Ileana Oquendo Graulau

Secretaria del Tribunal Supremo

*712 Voto de conformidad emitido por el Juez Asociado Señor Martínez Torres, al cual se unen la Jueza Asociada Se-ñora Pabón Charneco, el Juez Asociado Señor Kolthoff Caraballo, el Juez Asociado Señor Rivera García y el Juez Asociado Señor Feliberti Cintrón.
En Pueblo v. Camacho Delgado, 175 D.P.R. 1 (2008), resolvimos que cuando se desestima una acusación por de-lito grave, debido al incumplimiento de los términos dis-puestos en la Regla 64(n)(5) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, si el Ministerio Público quiere reanudar el procesamiento del individuo afectado tiene que presentar una denuncia nueva y comenzar el proceso desde el inicio. Revocamos la norma dispuesta en Pueblo v. Ortiz Díaz, 95 D.P.R. 244 (1967), que hasta entonces le permitía al fiscal proseguir el caso en la etapa previa a la desestimación, sin tener que presentar una denuncia nueva. Nos basamos en que "la norma establecida en Pueblo v. Ortiz Díaz, supra, no se ajusta a las necesidades de la sociedad donde vivimos actualmente ni responde a una concepción correcta de la intención de las Reglas de Procedimiento Criminal en esta materia”. Pueblo v. Camacho Delgado, supra, págs. 19-20.
La norma que ahora nos propone el Señor Juez Presi-dente en su voto disidente adolece del mismo defecto. En primer lugar, tenemos el deber de hacer cumplir las garan-tías constitucionales que protegen a todo acusado. Nuestro pueblo no espera menos. De igual modo, nuestro pueblo tampoco espera que ante la necesidad de la sociedad actual de que se haga cumplir la ley, y se procese y encarcele al delincuente, este Tribunal invente derechos que no existen y excarcele con suma facilidad a aquellos que insisten en robarnos nuestra tranquilidad y asesinar nuestro futuro.
En segundo lugar, la propuesta del peticionario, que hoy recoge el Señor Juez Presidente, parte de una concepción incorrecta del esquema de las Reglas de Procedimiento *713 Criminal. Señalamos en Pueblo v. Camacho Delgado, supra, que a partir de lo resuelto en Pueblo v. Carrión, 159 D.P.R. 633 (2003),
... el Tribunal descartó el argumento de Carrión, en cuanto a que la primera desestimación era solamente un incidente pro-cesal que no interrumpe el carácter continuado del procedi-miento criminal. En cambio, el Tribunal expresó que la deses-timación de una causa tiene que entenderse como un evento que da por terminada la acción presentada ante los tribunales por el Ministerio Público. (Énfasis en el original.) Pueblo v. Camacho Delgado, supra, págs. 13-14.
Así pues, está resuelto que el esquema procesal vigente es que la desestimación termina el encausamiento del acusado. Si el Ministerio Público presenta una nueva de-nuncia por delito grave, basada en los mismos hechos, in-augura un proceso penal nuevo y distinto. Nace entonces un nuevo término de seis meses de encarcelamiento si no se presta una fianza, dispuesto en el Art. II, Sec. 11 de la Constitución, L.P.R.A., Tomo 1.
No puede decirse que el proceso es nuevo para unas co-sas y para otras no. Esa distinción no está en la Constitu-ción y es contraria a las reglas procesales. Se basa en una premisa incorrecta: evitar abrir las puertas al Ministerio Público para burlar la protección constitucional contra las detenciones preventivas en exceso de seis meses sin cele-brarse juicio y encarcelar “indefinidamente” al ciudadano.
Esa conclusión es contraria a la Regla 67 de Procedi-miento Criminal, 34 L.P.R.A. Ap. II. Esta regla permite “la iniciación de otro proceso por el mismo delito”, después de la desestimación de un cargo por delito grave. íd. No per-mite la iniciación de procesos múltiples. Por lo tanto, la detención preventiva finalizaría con el transcurso de los seis meses y de ninguna manera podría ser “indefinida”.
Ese es el esquema procesal vigente. El Ministerio Pú-blico puede proceder conforme a lo que la Regla 67, supra, le permite y este Tribunal no tiene la facultad de negarse a reconocer esa realidad legislada.
*714 De igual modo, como bien señala el Señor Juez Presi-dente, el sistema judicial debe asegurarse de que los casos se atiendan con la diligencia y eficiencia que ameritan. Es deber de todos nosotros, los jueces en todos los niveles, asegurarnos de dar seguimiento adecuado a cada caso y rechazar posposiciones múltiples e injustificadas, de ma-nera que los casos penales se vean en los términos pauta-dos por las reglas. Por eso, es imperativo que en todo pro-ceso penal, el juez tome las medidas necesarias para que el juicio comience antes de que venza el plazo de seis meses dispuesto en el Art. II, Sec. 11, de la Constitución, supra. Así evita que se frustre la detención preventiva que el tribunal ordenó cuando el acusado no prestó la fianza que se le fijó. Cumplir con esto es de interés tanto para el acusado como para toda la sociedad. La retórica de la lucha de cla-ses no va a resolver nada. El propósito de la detención preventiva no es castigar al pobre. Lo que busca es prote-ger la seguridad pública al propiciar que los casos se atien-dan sin demora. La seguridad pública es un interés básico para el cual se organizó un gobierno en la Constitución y merece tanta protección como el derecho de todo acusado a quedar libre cuando esa detención preventiva por el delito imputado exceda de seis meses.
En los momentos de alta criminalidad que vive Puerto Rico, nuestro pueblo reclama que atendamos sus necesida-des de seguridad sin menoscabar las garantías que la Constitución confiere a los individuos. Por consiguiente, despojado de todo adorno, cualquier intento de inventar derechos que no existen para luego lamentar su falta de protección no es más que una manera de obviar la política pública que permea las reglas procesales y las garantías constitucionales mismas. Tanto el acusado como el gran número de nuestros habitantes que a diario son víctimas del crimen exigen y merecen la protección de este Tribunal. “Hacer lo contrario, en total abstracción de la realidad co-tidiana del Puerto Rico del siglo XXI, ‘convertiría la factura más ancha en la factura más costosa jamás pagada por el
*715 Pueblo de Puerto Rico”. Pueblo v. Costas Elena, Rusell, McMillan, 181 D.P.R. 426, 443 (2011), opinión de conformidad del Juez Asociado Señor Martínez Torres, a la que se unie-ron los Jueces Asociados Señores Kolthoff Caraballo y Rivera García, citando la opinión concurrente del Juez Aso-ciado Señor Negrón García en RDT Const. Corp. v. Contralor I, 141 D.P.R. 424, 469 (1996).