EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico<br>    Recurrido<br><br>    v.<br><br>Ricardo Soto Ortiz<br>    Peticionario | Certiorari<br><br>2000 TSPR 108 |
| --- | --- |

Número del Caso: CC-1999-0188

Fecha: 29/06/2000

Tribunal de Circuito de Apelaciones: Circuito Regional V

Juez Ponente: Hon. Ramón Negrón Soto

Abogado de la Parte Peticionaria:

           Lcdo. Alberto Colón Bermúdez

Oficina del Procurador General:

           Lcda. Edda Serrano Blasini
           Subprocuradora General

           Lcdo. Angel M. Rivera Rivera
           Procurador General Auxiliar

Materia: Sustancias Controladas

      Este documento constituye un documento oficial del Tribunal
      Supremo que está sujeto a los cambios y correciones del
      proceso de compilación y publicación oficial de las
      decisiones del Tribunal. Su distribución electrónica se hace
      como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO**Error! Bookmark not defined.**

El Pueblo de Puerto Rico

Recurrido

v.                                    CC-1999-188        Certiorari

Ricardo Soto Ortiz

Peticionario

Opinión del Tribunal emitida por el Juez Presidente señor Andréu García

San Juan, Puerto Rico, a 29 de junio del 2000

Se nos cuestiona si, desestimados los cargos a un imputado de delito grave por violación a los términos de juicio rápido, la fianza previamente prestada por éste subsiste, aún sin que el magistrado haya hecho determinación alguna sobre el particular, en la eventualidad de que se presenten nuevamente los mismos cargos por los mismos hechos. Resolvemos en la afirmativa, por lo que procede revocar la sentencia recurrida.

I

Contra Ricardo Soto Ortiz se presentó denuncia por violaciones a los Arts. 404 y 405 de la Ley de Sustancias Controladas, 24 L.P.R.A. §§ 2404 y 2405, lo que constituye delito grave. Fue arrestado el día 29 de marzo de 1995 y se le impuso fianza de dos mil dólares ($2,000) en cada cargo, la cual prestó. El 20 de junio siguiente, tales infracciones fueron desestimadas bajo las disposiciones de la Regla 64(n)(6) de Procedimiento Criminal, 34

L.P.R.A. Ap. II, por no haberse celebrado la vista preliminar dentro del término de sesenta (60) días que la misma dispone.  El Estado, es preciso puntualizar, no cuestionó el dictamen desestimatorio.

El día 5 de julio de 1995, es decir, quince (15) días después de la desestimación, el Ministerio Público acudió al Tribunal de Primera Instancia y sometió nuevamente los mismos cargos por los mismos hechos. Se determinó causa probable para arrestar en ausencia del imputado; se expidió una nueva orden de arresto; y se fijó nueva fianza de veinte mil dólares ($20,000) en cada cargo. Ello sin que se hubiese cancelado o confiscado la fianza prestada por el peticionario cuando se le arrestó por primera vez.

El 14 de julio de ese mismo año se diligenció la nueva orden de arresto. En ese momento se registró al imputado y se le ocupó en uno de los bolsillos de su pantalón una bolsa plástica transparente que contenía cocaína. Éste solicitó la supresión de esa evidencia. El Tribunal de Primera Instancia, Sala Superior de Ponce,[1] así lo ordenó bajo el fundamento de que el arresto fue uno ilegal en atención a que el imputado en ese momento estaba bajo la fianza prestada en el procedimiento anterior con relación a los mismos hechos y, por lo tanto, el registro realizado resultó inválido.

Inconforme, recurrió el Procurador General ante el Tribunal de Circuito de Apelaciones.[2] Éste revocó al Tribunal de Primera Instancia por entender que se trataba de un nuevo procedimiento, y concluyó que la fianza impuesta en la segunda ocasión procedía, ya que sería absurdo –a su juicio– mantener una fianza vigente por tiempo indeterminado a expensas de que el Ministerio Público decida presentar una nueva denuncia antes de decursar el término prescriptivo fijado por la ley para un delito o hasta que el imputado muriere. Además, devolvió el caso al tribunal inferior para que se determinara la razonabilidad del registro que se hiciera al peticionario al momento de su arresto.

---

[1] **Hon. Francisco Ortiz Rivera.**

[2] **Panel integrado por su presidente el Juez Negrón Soto (Juez Ponente), el Juez Aponte Jiménez y el Juez Segarra Olivero. Este último consignó su posición divergente del criterio mayoritario en un Voto Disidente.**

Así las cosas, acude el señor Soto Ortiz ante nos mediante recurso de *certiorari*. Nos señala, en síntesis, que erró el Tribunal de Circuito de Apelaciones al resolver que procedía la imposición de una segunda fianza, ya que tratándose de los mismos hechos y los mismos cargos, se viola su derecho constitucional a permanecer en libertad bajo fianza, se contraviene la Regla 64(n)(6) de Procedimiento Criminal, supra, y lo resuelto por este Tribunal en Pueblo v. Félix Avilés, 128 D.P.R. 468 (1991). Habiendo expedido el recurso solicitado, y con el beneficio de la comparecencia de las partes, resolvemos.

II

Como se sabe, en nuestra jurisdicción el derecho a quedar en libertad bajo fianza antes de mediar un fallo condenatorio tiene raigambre constitucional, Art. II, Sec. 11, Const. E.L.A. de P.R., 1 L.P.R.A., y está vinculado al superior derecho a disfrutar de la presunción de inocencia. Sánchez v. González, 78 D.P.R. 849, 856 (1955); O.E. Resumil, Derecho Procesal Penal, T. I, § 6.15, a la pág. 136. Véase, además, Pueblo v. Rivera Ortega, res. el 19 de mayo de 1998, 98 T.S.P.R. 57. La fianza se requiere históricamente para asegurar la presencia del imputado o acusado en las diversas etapas del proceso judicial. Id.

El contrato de fianza, como hemos resuelto en el pasado, es un acuerdo entre el fiador y el Estado mediante el cual el primero se compromete a garantizar la presencia del imputado de delito ante el tribunal que celebra el proceso en su contra. De incumplir, el fiador viene obligado a pagar al Estado la cantidad consignada como fianza. Pueblo v. Rivera Ortega, supra; Pueblo v. Rivera Segarra, res. el 19 de octubre de 1995; Pueblo v. Félix Avilés, supra, a la pág. 480. La fianza se mantiene en vigor desde que se admite por cualquier magistrado y cubre todo el proceso judicial hasta que el mismo culmine con el pronunciamiento y ejecución de la sentencia. Pueblo v. Félix Avilés, supra, a la pág. 481; Pueblo v. Negrón Vázquez, 109 D.P.R. 265, 266-267 (1979).

Aún más, en <u>Pueblo</u> v. <u>Félix Avilés</u>, <u>supra</u>, a las págs. 482-484, resolvimos que:

"[L]a fianza prestada y admitida antes de que recaiga convicción cubre todo el proceso judicial celebrado contra el imputado, incluso el proceso de vista preliminar en alzada, y subsiste hasta que se celebre el pronunciamiento y la ejecución de la sentencia. El hecho de que la determinación de no causa en la vista preliminar inicial conlleve la exoneración y liberación del imputado, no implica que la fianza se extinga en ese preciso instante. Sencillamente el proceso penal no ha culminado y, luego de seguirse el procedimiento establecido, el imputado puede estar sujeto a cumplir las órdenes del tribunal. La fianza prestada se mantendrá vigente para asegurar la presencia del imputado una vez el Ministerio Público decida continuar el procedimiento penal en su contra y proceda a citarlo. Ello así en virtud del compromiso establecido entre el fiador y el tribunal, regido por lo dispuesto en las Reglas de Procedimiento Criminal... [L]a fianza... subsiste con todo vigor hasta que se pronuncie y ejecute la sentencia en [contra del imputado], hasta que sea absuelt[o] en los méritos[,] o hasta que el Estado, por motivos procesales o de otra índole, esté impedido de continuar el proceso [en su] contra." (Énfasis en el original y citas omitidas).

Hemos resuelto, además, que la vista preliminar original y la vista preliminar en alzada son dos etapas del proceso judicial, independientes, separadas y distintas, <u>Pueblo</u> v. <u>Cruz Justiniano</u>, 116 D.P.R. 28, 30 (1984), pero que son partes de un mismo y continuo proceso judicial. <u>Pueblo</u> v. <u>Vallone, Jr.</u>, 133 D.P.R. 427, 433 (1993).

### III

El derecho a juicio rápido está igualmente consagrado en el Art. II, Sec. 11 de nuestra Constitución, <u>supra</u>. Sobre el mismo, hemos determinado que aplica tanto a los imputados de delito como al Pueblo; a los primeros para que sean juzgados con celeridad y a la sociedad que exige se juzgue con prontitud a quienes se les imputa o acusa de violar sus leyes. <u>Pueblo</u> v. <u>Miró González</u>, 133 D.P.R. 813, 817 (1993). El juicio rápido, no obstante, persigue proteger los intereses del imputado o acusado para prevenir su detención opresiva y perjuicio; minimizar sus ansiedades y preocupaciones; y reducir las posibilidades de que su defensa se afecte. <u>Id.</u>, a la pág. 818.

El derecho a juicio rápido, según resolviéramos en <u>Pueblo</u> v. <u>Opio Opio</u>, 104 D.P.R. 165, 169-170 (1975), no se circunscribe al acto del juicio propiamente dicho; se extiende para abarcar todas las etapas en

progresión gradual desde la imputación inicial de delito. De otro modo ese derecho podría ser burlado prolongando sin justificación los trámites precedentes al juicio. Expresamos allí, además, que no existe diferencia apreciable "*entre la demora en someter la acusación al crisol depurante de la vista preliminar y la tardanza en celebrar el juicio para la decisión final sobre culpabilidad o inocencia*". Concluimos entonces, que el derecho fundamental a juicio rápido quedaría gravemente afectado en su virtualidad y esencia si el Estado pudiera prolongar por término irrazonable la celebración de la vista preliminar. Id.

El principio constitucional mencionado encuentra asidero estatutario en la Regla 64(n) de Procedimiento Criminal, supra. Así, su inciso seis (6) autoriza una moción de desestimación cuando no se haya celebrado vista preliminar a la persona dentro de los sesenta (60) días de su arresto, en los casos en que deba celebrarse, a no ser que se demuestre justa causa para la demora o que ésta se deba a solicitud del imputado o acusado o contara con su consentimiento. Dicha desestimación no es óbice, sin embargo, para que se presente nuevamente denuncia por los mismos hechos, si éstos constituyen delito grave, a tenor con la Regla 67 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. E. L. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Vol. II, § 12.1, pág. 137; y Los derechos de los acusados y la factura más ancha, 65 Rev. Jur. U.P.R. 83, 89 (1996).

Coincidimos con lo expresado por el Prof. Chiesa en el sentido de que cuando se desestima por cualquier razón que no sea inocencia (o absolución en los méritos), la cláusula de doble exposición no impide que haya ulteriores procedimientos en instancia o en revisión. Desde luego, si el defecto fuere insubsanable, como sería el de prescripción del delito, entonces habría impedimento para un nuevo proceso, pero no por virtud de la protección constitucional contra la doble exposición, sino por mandato estatutario. E. L. Chiesa, Derecho Procesal Penal de Puerto Rico y Estados Unidos, 1992, Vol. II, § 16.2, a la pág. 371.

De igual manera, la Prof. Resumil ha tenido a bien señalar, elaborando sobre el caso Pueblo v. Félix Avilés, supra, que la exoneración de delito grave en esta etapa, aunque conlleva la excarcelación del imputado, no tiene el efecto de liberar de responsabilidad criminal instantáneamente. Ante la facultad del Estado de someter al imputado nuevamente, y por los mismos hechos, a un procedimiento penal, se mantiene vigente la responsabilidad del fiador sujeta al cumplimiento por el Ministerio Público con la normativa de las Reglas de Procedimiento Criminal. O. E. Resumil, Derecho Procesal Penal, 61 Rev. Jur. U.P.R. 835, 852–855 (1992).

De otro lado, la Regla 66 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, dispone lo siguiente:

> Si la moción [de desestimación] se basare en defectos de la acusación, denuncia o pliego de especificaciones que pudieren subsanarse mediante enmienda, el tribunal ordenará se haga la enmienda, y denegará la moción. Si el tribunal declarare con lugar una moción basada en defectos en la presentación o tramitación del proceso, o en la acusación o denuncia, *podrá también ordenar que se mantenga al acusado bajo custodia, o que continúe bajo fianza por un término específico, sujeto a la presentación de una nueva acusación o denuncia*. Nada de lo aquí expresado afectará las disposiciones sobre los términos de prescripción. (Énfasis suplido).

Adviértase, que bajo la mencionada regla se le concede autoridad al juez sentenciador para que pueda mantener al imputado o acusado, una vez se le desestima la acusación o denuncia original, bajo custodia o bajo fianza por un término específico, sujeto a la presentación de nueva acusación o denuncia. D. Nevares-Muñiz, Sumario de Derecho Procesal Penal Puertorriqueño, 5ta ed., 1998, a la pág. 124. Ello reconoce el carácter continuo del proceso en cuestión, que no concluye con esa primera desestimación, y que por el contrario continúa mientras el imputado esté "sujeto a la presentación de una nueva acusación o denuncia" por los mismos hechos. Regla 66 de Procedimiento Criminal, supra.

IV

En el caso ante nuestra consideración, se desestimó la denuncia original contra el imputado por habérsele violado su derecho a juicio

rápido, según dispone la Regla 64(n)(6) de Procedimiento Criminal, *supra*. Al decretar la desestimación, el magistrado no hizo determinación adicional alguna, como pudo haber hecho al amparo de la Regla 66 de Procedimiento Criminal, *supra*. Quince (15) días después, por tratarse de delito grave, se sometieron nuevamente los mismos cargos por los mismos hechos en contra del imputado. En *Pueblo* v. *Ortiz Díaz*, 95 D.P.R. 244, 247-248 (1967), ante una controversia de derecho un tanto similar a la que nos ocupa hoy, expresamos que cuando se presentan nuevos cargos al amparo de la Regla 67 de Procedimiento Criminal, *supra*, interpretada a la luz de la Regla 66 del citado cuerpo legal, no se trata de una nueva acusación que contuviera cargos distintos o adicionales o que incluyera a otros acusados. "Más que de una nueva acusación, en su efecto legal se trata aquí de la radicación nuevamente de la acusación." (Énfasis en el original).

No vemos impedimento para que lo resuelto anteriormente con relación a la acusación, se extienda a esta etapa previa del proceso. Como cuestión de hecho, y de derecho, la Regla 66 de Procedimiento Criminal lo permite, pues abarca tanto la acusación como la denuncia, y nos parece apropiado enfatizar que el fiel seguimiento de la misma por los tribunales de primera instancia redunda en una mejor y más saludable práctica forense. Máxime en las circunstancias ante nos, en que de acuerdo con las Reglas 218 y 219 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, el imputado puede estar sujeto a una serie de condiciones o limitaciones mientras disfruta de la fianza, y que harían altamente indeseable el que permaneciera indefinidamente bajo tales circunstancias.

De los autos no surge que el Estado citó al peticionario para la vista de determinación de causa probable para el arresto, no empece el hecho de que éste había prestado fianza para permanecer en libertad por los mencionados cargos. Tampoco consta que el Ministerio Público informó al tribunal sobre esa situación, ni que el peticionario haya violado los términos y condiciones del contrato de fianza. Incluso, la dirección del peticionario aparece en las denuncias presentadas contra él. No

obstante, se determinó causa probable para arrestar en su ausencia, se expidió otra orden de arresto y se le fijó una nueva fianza, sin que se hubiere cancelado o confiscado la fianza prestada cuando se le arrestó por primera vez.

Coincidimos con el criterio que expresara en su voto disidente el Juez de Apelaciones, Hon. Segarra Olivero, en el sentido de que el Estado, con su conducta morosa y poco diligente, le violó al peticionario su derecho constitucional y estatutario a un juicio rápido. Éste logra la desestimación de las denuncias, sin que el Estado cuestione dicho dictamen, en admisión de su torpe conducta procesal. Además, el Ministerio Público opta por el curso de acción –que como hemos visto es perfectamente legítimo– de presentar nuevamente las denuncias contra el peticionario. En el proceso, termina el peticionario con una nueva fianza diez veces mayor que la anterior, y con cargos por un nuevo delito grave. Esto no puede prevalecer en nuestro sistema de derecho. Resulta ofensivo a los preceptos constitucionales de juicio rápido y de fianza, ya discutidos, así como contrario a las Reglas de Procedimiento Criminal y su jurisprudencia interpretativa. Si resolviéramos de otro modo, el remedio de desestimación significaría nada, la negligencia del Estado sería inconsecuente, le saldría gratis, como si nada hubiera pasado. Es decir, el Ministerio Público no sería penalizado en lo absoluto por violación a los términos de juicio rápido.

V

La regla de exclusión nuestra, que emana del Art. II, Sec. 10 de la Constitución del E.L.A. de P.R., 1 L.P.R.A., encarna tres propósitos fundamentales: (1) disuadir y desalentar a los funcionarios del orden público de que violen la protección constitucional; (2) integridad judicial, pues los tribunales no deben ser cómplices de actos de desobediencia a la Constitución y admitir evidencia ilegalmente obtenida; e (3) impedir que el Gobierno se beneficie de sus propios actos ilícitos, ya que de otra manera la ciudadanía perdería confianza en el Gobierno. Toll y Sucn. Rivera Rojas v. Adorno Medina, 130 D.P.R. 352, 358-359

(1992). Esta regla de exclusión está fundamentada en razones de interés público para hacer valer la garantía contra registros, detenciones o incautaciones irrazonables. Id.

En vista de que el arresto al que fue sometido el peticionario no procedía, pues éste se encontraba en libertad bajo fianza, y no habiendo sido ésta cancelada ni confiscada, así como tampoco habiendo sido el imputado citado o incumplido de manera alguna con los términos de ésta, la evidencia obtenida por razón del registro a que fue sometido es inadmisible en los tribunales de justicia. Así lo dispone nuestra Constitución y la jurisprudencia que la ha interpretado. Pueblo v. Miranda Alvarado, res. el 2 de junio de 1997.

En conclusión, resolvemos que cuando un magistrado desestima una acusación o denuncia por un delito grave al amparo de la Regla 64(n) de Procedimiento Criminal, supra, y no hace determinación alguna con relación a lo dispuesto en la Regla 66 de dicho cuerpo legal, supra, en contravención a lo que consideramos la mejor práctica en estas circunstancias, la fianza que prestó dicho imputado en su primer arresto subsiste y lo cobija ante procedimientos posteriores sobre el mismo delito, según permite la Regla 67 de Procedimiento Criminal, supra. Claro está, dicha fianza subsiste bajo los mismos términos y condiciones originales[3], a menos que el imputado solicite su cancelación antes de que se presente la nueva acusación o denuncia.

Recalcamos, además, que la mejor práctica a seguir por los tribunales de primera instancia es que se haga uso de la Regla 66 de Procedimiento Criminal, supra, y se delimite el término específico en que permanecerá bajo custodia o que subsistirá la fianza prestada para dar lugar a que se presenten los cargos nuevamente. Transcurrido ese término, el imputado puede solicitar la cancelación de la fianza, y si el Ministerio Público no ha actuado, el tribunal podrá sobreseer la causa a

---

[3] **Según permiten las Reglas 6.1 y 218 de Procedimiento Criminal.**

tenor con lo dispuesto en la Regla 247(b) de Procedimiento Criminal, 34 L.P.R.A. Ap. II.[4] Pueblo v. Opio Opio, supra, a la pág. 170.

En atención a los fundamentos que hemos esbozado, se decreta la ilegalidad del arresto y por consiguiente, resulta inadmisible la evidencia encontrada por virtud del registro practicado al peticionario en dicho arresto. Se dictará sentencia revocando la sentencia emitida por el Tribunal de Circuito de Apelaciones conforme a lo resuelto anteriormente.


José A. Andréu García
Juez Presidente

---

[4] **Ésta dispone:**

**Cuando ello sea conveniente para los fines de la justicia y previa celebración de vista en la cual participará el fiscal, el tribunal podrá decretar el sobreseimiento de una acusación o denuncia. Las causas de sobreseimiento deberán exponerse en la orden que al efecto se dictare, la cual se unirá al expediente del proceso.**

EN EL TRIBUNAL SUPREMO DE PUERTO RICO**Error! Bookmark not defined.**

El Pueblo de Puerto Rico

    Recurrido

       v.                    CC-1999-188       Certiorari

Ricardo Soto Ortiz

    Peticionario

SENTENCIA

San Juan, Puerto Rico, a 29 de junio del 2000

    Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente, se dicta sentencia y se revoca la sentencia emitida por el Tribunal de Circuito de Apelaciones.

    Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Corrada del Río disiente sin opinión escrita.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo