EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico | |
| :--- | :--- |
| Recurrido | Certiorari |
| v. | 2008 TSPR 174 |
| Jesús Camacho Delgado | 175 DPR _____ |
| Peticionario | |

Número del Caso: CC-2007-1179

Fecha: 27 de octubre de 2008

Tribunal de Apelaciones:

> Región Judicial de Caguas (Panel XII)

Juez Ponente:

> Hon. Zaida Hernández Torres

Oficina del Procurador General:

> Lcda. Lesy A. Irizarry Pagán
> Procuradora General Auxiliar

Abogado de la Parte Peticionaria:

> Lcdo. Alberic Prados Bou

Materia:  Art. 4.04 s.c. (2 casos), Art. 412 s.c.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

          v.                     CC-2007-1179     Certiorari

Jesús Camacho Delgado

    Peticionario

Opinión del Tribunal emitida por el Juez Presidente SEÑOR HERNÁNDEZ DENTON

San Juan, Puerto Rico, a 27 de octubre de 2008.

La controversia central del caso de autos está vinculada a uno de los valores constitucionales más importantes en el ámbito penal: el derecho a un juicio rápido. Con ello en mente, nos corresponde determinar cuál es el efecto procesal de una desestimación por la violación de las normas que instrumentan dicha garantía en Puerto Rico. En particular, debemos resolver si la desestimación de una denuncia por no celebrarse la vista preliminar dentro del término establecido por la Regla 64(n)(5) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, cancela la determinación de causa probable para arresto que dio inicio al proceso.

Por entender que, en efecto, la desestimación tiene dicha consecuencia, revocamos la sentencia recurrida.

I.

El 15 de mayo de 2007, el agente Arturo Pomales Alicea, adscrito al Negociado de Drogas, Narcóticos y Control del Vicio de la Policía de Puerto Rico, presentó tres denuncias en contra del Sr. Jesús Camacho Delgado, por éste supuestamente haber violado los Arts. 404 y 412 de la Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. secs. 2404 y 2412. En esa misma fecha, el Tribunal de Primera Instancia, Sala Municipal de Caguas, determinó causa probable para el arresto del señor Camacho Delgado por los delitos imputados y le fijó la fianza de rigor. Como éste no pudo prestar la misma, el tribunal ordenó preventivamente su encarcelación hasta la culminación del proceso penal incoado en su contra.

Por otra parte, dado que los delitos imputados contra el señor Camacho Delgado eran de naturaleza grave, se pautó la celebración de una vista preliminar para el 30 de mayo de 2007. Sin embargo, por razones que no surgen del expediente, dicha vista fue transferida para el 27 de junio de 2007. Tras ocurrir una nueva suspensión, la audiencia se señaló finalmente para el 2 de julio de 2007. En esa fecha, como el agente Pomales Alicea --testigo principal del Ministerio Público-- se encontraba bajo licencia militar, el fiscal le expresó al tribunal no estar preparado para presentar el caso.

Ante estos hechos, el tribunal de instancia desestimó las denuncias presentadas en contra del señor Camacho Delgado. Dicho foro determinó que éste había permanecido en prisión por un período mayor a los treinta días desde su arresto sin habérsele celebrado la vista preliminar. En consecuencia, por juzgar que ello infringía el término pautado por la Regla 64(n)(5) de Procedimiento Criminal, *supra*, para la celebración de dicha vista, el tribunal ordenó la excarcelación del señor Camacho Delgado.

Por su parte, el 5 de septiembre de 2007, el Ministerio Público solicitó un nuevo señalamiento para la vista preliminar por medio de una moción acompañada de una copia de las tres denuncias desestimadas. No obstante, el foro de instancia denegó su solicitud el 10 de septiembre de 2007 mediante una resolución notificada al día siguiente. En esencia, el tribunal resolvió que cuando se desestima una denuncia por el incumplimiento con los términos prescritos en la Regla 64(n) de Procedimiento Criminal, el Ministerio Público tiene que presentarla nuevamente ante un magistrado para una determinación de causa probable para arresto bajo la Regla 6 de Procedimiento Criminal, *supra*.

Inconforme con ese dictamen, el Estado recurrió ante el Tribunal de Apelaciones y argumentó que en estos casos lo procedente es celebrar una nueva vista preliminar, sin que sea necesario retornar a las etapas preliminares del proceso penal. El foro apelativo le ordenó al señor Camacho Delgado mostrar causa por la cual no debía revocarse la resolución

recurrida. Tras recibir su comparecencia, dicho foro dictó sentencia revocatoria del tribunal de instancia. En concreto, el Tribunal de Apelaciones determinó que en este caso era innecesario solicitar una nueva determinación de causa probable para arresto, pues no se trataba de una nueva denuncia con cargos distintos o adicionales a los examinados anteriormente por un magistrado.

De esa sentencia el señor Camacho Delgado recurre ante nos. Argumenta, en síntesis, que una desestimación bajo la Regla 64(n)(5) deja sin efecto cualquier determinación de causa probable para arresto tomada anteriormente a base de las denuncias archivadas. Por tanto, aduce que el Ministerio Público tiene la obligación de presentarlas nuevamente ante un magistrado para obtener la determinación de causa correspondiente y, de esta forma, dar comienzo a un nuevo proceso. En su alegato ante nos, sin embargo, el Estado reitera su posición ante el Tribunal de Apelaciones y argumenta, además, que avalar la teoría del peticionario no fomentaría la economía procesal.

Examinado el recurso, acordamos expedir. Contando con la comparecencia de ambas partes, procedemos a resolver.

## II.

En el contexto penal, el derecho a un juicio rápido constituye uno de los valores más fundamentales de nuestra sociedad. En su esencia, éste tiene el propósito de salvaguardar los intereses de las personas imputadas de delito para evitar su indebida y opresiva encarcelación,

minimizar la ansiedad y preocupación que genera una acusación pública, y reducir las posibilidades de que una dilación extensa menoscabe su capacidad para defenderse. Por ello, precisamente, dicha garantía fue consagrada de forma expresa en el Art. II, Sec. 11, de la Constitución del Estado Libre Asociado de Puerto Rico ("En todos los procesos criminales, el acusado disfrutará del derecho a un juicio rápido"). Véanse Pueblo v. Guzmán Meléndez, 161 D.P.R. 137, 156 (2004); Pueblo v. Rivera Tirado, 117 D.P.R. 419, 432 (1986).

El concepto "juicio rápido" posee, indudablemente, ciertas características propias que le sirven de base. Aun así, su naturaleza y alcance se han distinguido siempre por una gran flexibilidad. En este sentido, el derecho de todo imputado a ser juzgado de una forma justa, pero diligente y eficiente, ha estado sujeto continuamente a los cambios que afectan el desarrollo mismo del derecho y de la sociedad. Pueblo v. Arcelay Galán, 102 D.P.R. 409, 413 (1974). Se trata, pues, de una garantía constitucional que, como muchas otras, no puede delimitarse en términos absolutos ni tampoco interpretarse exclusivamente con vista a la situación que enfrentó en el pasado la generación constituyente.

Así, por ejemplo, si bien el texto de nuestra garantía proviene de una disposición análoga en la Sexta Enmienda de la Constitución estadounidense, hace varios años aclaramos que esta Curia no está atada irremediablemente a las interpretaciones que el Tribunal Supremo federal haya

enunciado sobre el tema. Íd. En efecto, dicho foro se ha negado reiteradamente a establecer reglas de procedimiento en esta materia para los estados federados. De esta manera, se les ha dado libertad para interpretar la frase "juicio rápido" de acuerdo con las circunstancias particulares de cada jurisdicción, siempre y cuando la definición elucidada incorpore ciertas normas federales mínimas. Véase Barker v. Wingo, 407 U.S. 514, 523 (1972).

Conscientes de todo lo anterior, en Puerto Rico ya nos hemos enfrentado a aspectos diversos de este derecho. En Pueblo v. Arcelay Galán, *supra*, pág. 415, resolvimos que el hecho de que un acusado no objete oportunamente un señalamiento tardío no constituye, de por sí, prueba suficiente para concluir que éste renunció a ser enjuiciado con prontitud. En Pueblo v. Opio Opio, 104 D.P.R. 165, 169 (1974), un caso sobre la celebración tardía de una vista preliminar, interpretamos que el derecho a un juicio rápido no se limita únicamente al acto del juicio, sino que abarca todas las etapas del proceso penal, desde la imputación inicial de delito hasta el momento mismo en que se dicte sentencia. Véase, además, Pueblo v. Miró González, 133 D.P.R. 813 (1993).

En Pueblo v. Opio Opio, *supra*, expresamos también que en este campo nuestra Constitución opera con su propio y supremo vigor, por lo que el derecho a un enjuiciamiento diligente no depende de legislación habilitadora que lo implemente. Posteriormente, en Pueblo v. Rivera Tirado,

*supra*, atendimos el asunto de los criterios a ser utilizados para determinar si hubo una violación de ese derecho. A esos efectos, enunciamos cuatro factores que enmarcamos en el método del balance de intereses.[1]

No cabe duda, pues, de que el rol de esta Curia como intérprete máximo de la Constitución ha sido fundamental en el desarrollo del derecho a un juicio rápido. Sin embargo, no toda controversia sobre el mismo ha girado concretamente en torno a la cláusula constitucional que lo garantiza. Para asegurar el cumplimiento de este derecho en la práctica, tanto por los abogados y fiscales, como por los propios tribunales de justicia, la Regla 64(n) de Procedimiento Criminal, *supra*, establece una serie de términos que gobiernan las distintas etapas del proceso penal. De acuerdo con la situación procesal de cada imputado, ésta regula el término para la celebración del juicio e, incluso, de la vista preliminar en casos por delito grave. Véanse Pueblo v. Valdés Medina, 155 D.P.R. 781 (2001); Pueblo v. Cartagena Fuentes, 152 D.P.R. 243 (2000).

En concreto, la Regla 64(n) de Procedimiento Criminal establece, como remedio a la infracción de los términos temporales en ella consignados, la desestimación de la denuncia, de la acusación o de cualquiera de los cargos incluidos en éstas. De este modo, sujeto sólo a un análisis

---

[1] En esencia, el referido análisis requiere ponderar de manera sistemática y ordenada los criterios siguientes: (1) la duración de la tardanza; (2) las razones para la misma; (3) si el imputado invocó oportunamente su derecho a un juicio rápido; y (4) el perjuicio resultante de dicha dilación. Pueblo v. Rivera Tirado, *supra*, pág. 433.

dirigido a determinar si la tardanza fue justificada, si la posposición surgió de una petición del imputado o si medió su consentimiento a la misma, la regla *ordena* la desestimación al transcurrir el término aplicable a la etapa procesal de que se trate. A su vez, en lo pertinente al caso ante nuestra consideración, el quinto inciso de esta regla establece un término de treinta días para celebrarle la vista preliminar a un imputado que se encuentre detenido preventivamente.

En nuestra jurisprudencia no existe una controversia mayor en cuanto a la aplicación de esta disposición; así como tampoco la hay entre los tratadistas que han abordado el asunto. De hecho, en el caso de autos, la procedencia de la desestimación decretada por el Tribunal de Primera Instancia no fue cuestionada por el Ministerio Público. Por tal razón, no es necesario que nos expresemos al respecto.

Más bien, la controversia medular en el presente caso está relacionada con las consecuencias para el Estado de esa desestimación. En particular, en este caso debemos precisar si el Ministerio Público puede presentar nuevamente las denuncias desestimadas y, de poder hacerlo, cuál sería el curso procesal a seguir. Para ello, examinemos primeramente las reglas y la jurisprudencia aplicables a la solución de ambas interrogantes.

III.

A.

Según la Regla 67 de Procedimiento Criminal, *supra*, la desestimación de una causa por la violación de los términos prescritos en la Regla 64(n) no constituye un impedimento para el inicio de otro proceso por los mismos hechos, salvo que se trate de un delito menos grave. En otras palabras, en ausencia de circunstancias que lo prohíban --como la protección contra la doble exposición o la prescripción del delito imputado--, las Reglas de Procedimiento Criminal autorizan al Ministerio Público a presentar nuevamente una denuncia sólo en casos por delito grave. Véanse E. L. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Bogotá, Forum, 1992, vol. II, sec. 12.2, págs. 175-84; O. E. Resumil, Práctica Jurídica de Puerto Rico: Derecho Procesal Penal, Orford, Butterworth, 1993, vol. II, sec. 25.9, págs. 278-79.

Por su parte, la Regla 66 de Procedimiento Criminal, *supra*, dispone que cuando se produce una desestimación por defectos en la presentación o tramitación del proceso, o en la acusación o denuncia, el tribunal puede ordenar que se mantenga al acusado bajo custodia, o que continúe bajo fianza por un término específico, sujeto a la presentación de una acusación o denuncia nueva. A su vez, esta regla establece que nada de lo dispuesto en ella afectará las disposiciones relativas a los términos de prescripción.

Al amparo de ambas reglas, y en vista de lo dispuesto por la Regla 64(n) de Procedimiento Criminal, en Pueblo v. Ortiz Díaz, 95 D.P.R. 244, 246-48 (1967), resolvimos que cuando se desestima una *acusación* por haberse presentado tardíamente es innecesario e inoficioso volver a los procedimientos preliminares de determinación de causa probable para acusar. En aquella ocasión expresamos que como no se trataba de una acusación nueva con cargos distintos o adicionales, o con otros acusados, procedía la celebración del juicio en su fondo sin requerirse otra vista preliminar en torno a la acusación desestimada por el tribunal. Así, pues, concluimos que era suficiente con presentar la acusación nuevamente, ya que la Rama Judicial había realizado anteriormente una determinación de causa probable para acusar sobre los delitos en cuestión.

Posteriormente, en Pueblo v. Montezuma Martínez, 105 D.P.R. 710 (1977), un imputado reclamó que la dilación incurrida por el Ministerio Público en celebrarle la vista preliminar --unos diecinueve días en exceso del término reglamentario-- requería el archivo *con perjuicio* bajo la Regla 247 de Procedimiento Criminal, *supra*. El foro de instancia había ordenado la desestimación, pero al amparo de la Regla 64(n)(2). Al resolver dicho caso, coincidimos con el proceder del foro recurrido y no acogimos los argumentos del imputado en el sentido de ordenar el archivo definitivo del referido caso penal. No obstante, señalamos que al haber transcurrido los sesenta días reglamentarios sin haberse

celebrado la vista mencionada, otra dilación excesiva e injustificada podría vulnerar el *derecho constitucional* a un juicio rápido. Así, pues, expresamos que ante tales circunstancias procedería decretar el sobreseimiento bajo la Regla 247. Pueblo v. Montezuma Martínez, *supra*, pág. 713.

Años más tarde, en Pueblo v. Soto Ortiz, 151 D.P.R. 619, 628-31 (2001), se nos presentó la interrogante de si una vez desestimados varios cargos por delito grave ante la violación de los términos pautados en la Regla 64(n), la fianza fijada previamente subsistía con relación al nuevo proceso que instó el Estado por los mismos delitos. En dicho caso extendimos expresamente lo resuelto en Pueblo v. Ortiz Díaz, *supra*, en el contexto de la desestimación de una acusación, a la situación surgida tras el archivo de una *denuncia*. En este sentido, resolvimos que tras producirse la desestimación de una denuncia por la violación del término para celebrar la vista preliminar, el Ministerio Público puede presentarla de nuevo. Aun así, la fianza impuesta por el tribunal permanecerá vigente con respecto a ese segundo proceso, a menos que el foro de instancia decida modificarla. Véase Pueblo v. Soto Ortiz, *supra*, pág. 630-31.

Por otro lado, indicamos que conforme al mandato de la Regla 66 de Procedimiento Criminal, *supra*, la mejor práctica a seguir por los tribunales de instancia es que se delimite el término específico en que el imputado permanecerá bajo custodia o durante el cual subsistirá la fianza (bajo sus condiciones originales), para dar lugar a que se presenten

los cargos nuevamente. Transcurrido dicho término, el imputado puede solicitar la cancelación de la fianza y, si el Ministerio Público no ha actuado, el tribunal puede sobreseer el caso penal a tenor de lo dispuesto por la Regla 247(b) de Procedimiento Criminal, *supra*. Véase <u>Pueblo v. Soto Ortiz</u>, *supra*, pág. 633.

A pesar de todo lo anterior, en <u>Pueblo v. Carrión Rivera</u>, 159 D.P.R. 633, 641 (2003), este Tribunal llegó a un resultado diferente del previsto por las normas esbozadas en los tres casos reseñados. <u>Carrión Rivera</u> versaba sobre si el derecho a un juicio rápido aplica durante el tiempo transcurrido entre la desestimación de la causa, por la infracción del mismo, y el comienzo del nuevo proceso autorizado por la Regla 67 de Procedimiento Criminal. Al resolver que el derecho a un juicio rápido no era de aplicación al referido período, este Tribunal señaló que la desestimación, aun aquella "sin perjuicio", *supone la caída de los cargos en contra del imputado*. <u>Íd</u>. pág. 643. De esta manera, el Tribunal descartó el argumento de Carrión Rivera en cuanto a que la primera desestimación era solamente un incidente procesal que no interrumpe el carácter continuado del procedimiento criminal. En cambio, el Tribunal expresó que la desestimación de una causa tiene que entenderse como un evento que da por *terminada* la acción presentada ante los tribunales por el Ministerio Público. <u>Íd</u>. pág. 644.

De la normativa antes expuesta se desprende claramente que, de conformidad con la Regla 67 de Procedimiento

Criminal, el Ministerio Público *tiene la facultad* de presentar nuevamente aquellos cargos por delito grave que sean desestimados por una violación de los términos consignados en la Regla 64(n). Esto es así, ya que según la Regla 67 una desestimación en tales circunstancias es "sin perjuicio". En cambio, si se trata de cargos por delito menos grave la desestimación será "con perjuicio", lo que impediría el reprocesamiento del imputado.

Del mismo modo, es evidente que bajo el primer supuesto --la desestimación "sin perjuicio"-- es al Ministerio Público a quien le corresponde decidir si encausa por segunda vez al imputado. Véase, e.g., Pueblo v. Dávila Delgado, 143 D.P.R. 157, 170 (1997). No obstante, de las reglas citadas y de los casos reseñados es difícil derivar una norma clara relativa a la etapa en que debe "comenzar" el "otro proceso" al que se refiere la Regla 67 de Procedimiento Criminal.

Como señalamos anteriormente, en Pueblo v. Ortiz Díaz, *supra*, resolvimos que era suficiente con presentar nuevamente el pliego acusatorio para continuar con los demás procedimientos, aunque el imputado tuviese la razón en cuanto a la violación de los términos de "rápido enjuiciamiento" y, por ende, procediese la desestimación de la causa. Sin embargo, casi cuarenta años más tarde, en Pueblo v. Carrión Rivera, *supra*, expresamos que la desestimación de un caso penal conlleva la culminación del proceso instado en contra del imputado. La diferencia en

nuestras expresiones sobre este asunto, probablemente, es el resultado de las circunstancias diversas en que el mismo nos ha sido presentado. Ello nos motiva a reexaminar, de forma sosegada, las normas relativas a esta controversia, así como las consecuencias prácticas derivadas de aquéllas.

B.

En Pueblo v. Ortiz Díaz, *supra*, señalamos que como la acusación en cuestión no contenía cargos o acusados distintos al pliego original que fue desestimado por el tribunal, éste podía continuar el proceso tras presentarse nuevamente la acusación. Apoyamos esa conclusión en lo dispuesto por la Regla 66 de Procedimiento Criminal, *supra*, en el sentido de que luego de desestimarse una acusación o una denuncia *por defectos en la tramitación del proceso*, o defectos en las mismas, el tribunal puede "ordenar que se mantenga al acusado bajo custodia, o que continúe bajo fianza por un término específico, sujeto a la presentación de una nueva acusación o denuncia" (énfasis suplido). Así, pues, colegimos del texto citado que el tribunal puede desestimar la denuncia o la acusación bajo la Regla 64(n). Sin embargo, ello estaba sujeto a que --al amparo de la autoridad provista por la Regla 66 aludida-- éste podría ordenar la presentación de una acusación nueva y continuar, de esa forma, con el proceso penal en la etapa en que se encontrare el mismo al momento de la desestimación.

Al reexaminar dichos pronunciamientos, tanto en el contexto presentado por el caso ante nos, como a luz de la

normativa vigente, es forzoso concluir que la solución provista por <u>Pueblo v. Ortiz Díaz</u>, *supra*, no es cónsona con la intención de la Regla 64(n) ni con su reglamentación dirigida a instrumentar el derecho a un juicio rápido en nuestra jurisdicción. Por un lado, la interpretación de la Regla 66 de Procedimiento Criminal en la cual se fundamentó <u>Pueblo v. Ortiz Díaz</u>, *supra*, pasa por alto el origen de dicha regla y el contexto en que se previó su aplicación. De otra parte, ésta tampoco toma en cuenta los cambios en la manera en que se inician los procesos penales en Puerto Rico tras la aprobación de nuestra Constitución. Véase, en general, <u>Pueblo v. Ortiz Díaz</u>, *supra*, págs. 249-57 (Op. Disidente).

Como es sabido, bajo el Código de Enjuiciamiento Criminal de 1902, los magistrados y los promotores fiscales (los cuales también se consideraban magistrados) tenían la facultad de determinar causa probable, dictar órdenes de arresto, así como aprobar y fijar fianzas. Véase Art. 13 del Código de Enjuiciamiento Criminal de 1902, <u>Código Penal y Código de Enjuiciamiento Criminal de Puerto Rico</u>, 1902, pág. 13; <u>Pueblo v. Tribunal Superior</u>, 75 D.P.R. 535 (1953). Esa facultad, sin embargo, no subsistió tras la aprobación de la Constitución del Estado Libre Asociado en 1952, ya que bajo ésta se entendió que esa autoridad correspondía exclusivamente a la Rama Judicial. <u>Íd</u>. Aun así, los fiscales retuvieron el poder de determinar la existencia de causa probable *para formular acusaciones*. E.g., <u>Pueblo v.</u>

<u>Quiñones</u>, 76 D.P.R. 955 (1954). Por consiguiente, no era necesario que el fiscal acudiera ante un magistrado para que éste autorizara la presentación de una acusación, pues el fiscal mismo tenía la autoridad de decidir al respecto.

Ahora bien, con la aprobación de las Reglas de Procedimiento Criminal de 1963, se estableció el procedimiento de vista preliminar para acusar regulado por la Regla 23 de dicho cuerpo reglamentario. Desde entonces, los fiscales carecen de autoridad para presentar una acusación sin contar antes con el aval de un juez del Tribunal de Primera Instancia. En vista de ello, es evidente que la práctica de presentar nuevamente una acusación tras desestimarse la misma por la violación de los términos consignados en la Regla 64(n) de Procedimiento Criminal, quedó claramente desautorizada por el nuevo ordenamiento procesal penal aprobado en 1963.

Por ende, aunque anteriormente se podía iniciar un nuevo proceso a través de la acción autónoma y discrecional del fiscal, desde la aprobación de las Reglas de Procedimiento Criminal la única forma de "iniciar un nuevo proceso" al amparo de éstas es mediante la determinación de causa probable para arresto, de conformidad con la Regla 6 de Procedimiento Criminal, *supra*. En efecto, esa ha sido la doctrina reiterada de esta Curia a través de los años. Véanse, e.g., <u>Pueblo v. Rivera Martell y Vega Pérez</u>, 2008 T.S.P.R. 64, res. 22 de abril de 2008; <u>Pueblo v. Miró González</u>, *supra*.

Lo anterior nos lleva a considerar la aplicabilidad de la Regla 66 antes mencionada a la situación que nos ocupa. La Regla 66 de Procedimiento Criminal tiene su origen en los Arts. 147, 148 y 157 del Código de Enjuiciamiento Criminal, *supra*, los cuales procedían del Código de Procedimiento Criminal californiano. Los Arts. 147 y 148 del código puertorriqueño se referían al caso de una acusación presentada sin el debido juramento o la firma del fiscal. Dichos artículos regulaban la moción de desestimación por esos fundamentos, la resolución correspondiente y la orden que emitiría el tribunal en tales circunstancias.

Por otra parte, el Art. 157 se refería al efecto de una resolución que declarara con lugar una excepción perentoria contra la acusación. Como se sabe, las excepciones perentorias fueron abolidas por la Regla 62 de Procedimiento Criminal, *supra*. Más importante aún, una lectura de los artículos antes citados demuestra que los mismos partían de la premisa de que la facultad del magistrado para retener al imputado bajo custodia o bajo fianza, estaba sujeta a que los delitos en cuestión fuesen examinados nuevamente por un juez de paz. A estos jueces, como ha de recordarse, correspondía la facultad de determinar si procedía el arresto de una persona por parte de los agentes del Estado. Véase <u>Código de Enjuiciamiento Criminal</u>, *supra*, págs. 187, 189.

A la luz de lo antes expuesto, indudablemente, la Regla 66 de Procedimiento Criminal no se refiere a defectos de

índole procesal de la magnitud de un incumplimiento con los términos consignados en la citada Regla 64(n). Más bien, ésta alude a defectos de forma o a la inobservancia de los requisitos ministeriales que le imponen las Reglas de Procedimiento Criminal al Ministerio Público. Por lo tanto, concluimos que la Regla 66 antes citada no puede utilizarse para soslayar el efecto de una desestimación por la violación de los términos de "rápido enjuiciamiento", de modo que el Ministerio Público pueda continuar con el caso en la misma etapa procesal en que éste se encontraba, a pesar de haberse tardado de forma injustificada en procesar inicialmente al imputado.

En este contexto, resulta ampliamente conocido que el propósito fundamental de la Regla 64(n) de Procedimiento Criminal es proveer unos términos constitucionalmente razonables para encauzar el proceso penal, de manera que se les ofrezca a las personas imputadas de delito una cierta garantía de diligencia en la tramitación de los cargos instados en su contra. A su vez, esta reglamentación particular del derecho a un juicio rápido permite atender estatutariamente –y de manera preventiva– las situaciones de demora que, de otra forma, requerirían abordar constantemente la normativa constitucional aplicable; ello, probablemente, ante circunstancias poco adecuadas para hacerlo. En otras palabras, aunque los términos consignados en la Regla 64(n) de Procedimiento Criminal no son, de por sí, de índole constitucional, éstos están dirigidos a

instrumentar en términos prácticos el derecho a un juicio rápido en Puerto Rico. Por ende, las interpretaciones y aplicaciones de dicha regla deben tener siempre presente el valor que la misma busca salvaguardar.

Por otra parte, y a pesar de que no estamos obligados a seguir la normativa federal en esta materia, resulta muy ilustrativo que en los Estados Unidos se haya expresado que la desestimación "sin perjuicio" no es una sanción débil ante la dilación injustificada del Ministerio Público en procesar al imputado. En esa dirección, en United States v. Taylor, 487 U.S. 326 (1988), se indicó que la desestimación obliga al Ministerio Público a obtener un nuevo "indictment" si decide procesar nuevamente al imputado, lo cual dependería de una determinación independiente de la Rama Judicial. Además, ésta expone al Gobierno a una desestimación basada en otros fundamentos, como la prescripción del delito o la violación del derecho constitucional a un juicio rápido, de mediar otra dilación irrazonable.[2]

---

[2] En este contexto, es preciso destacar que en los Estados Unidos ––y en Puerto Rico–– una violación del derecho constitucional a un juicio rápido puede ser remediada sólo de una forma: la desestimación de la causa penal. Esa desestimación, por mandato constitucional, es terminante; es decir, "con perjuicio". Véanse Strunk v. United States, 412 U.S. 434, 439-40 (1973); Barker v. Wingo, supra, pág. 522. Aunque esta norma ha sido un tanto criticada, e.g., A. G. Amsterdam, Speedy Criminal Trial: Rights and Remedies, 27 Stan. L. Rev. 525, 532-41 (1975), la misma exige que la aplicación de la reglamentación estatutaria en torno a este derecho sea consistente y eficaz. Adviértase que si posteriormente se determina que la dilación ––analizada bajo los factores enunciados en Pueblo v. Rivera Tirado, supra––, fue en violación del derecho

Un criterio similar postula el profesor Chiesa Aponte, quien en su obra sobre derecho procesal penal señala que una norma contraria a la que hoy anunciamos, implicaría que la desestimación no tendría consecuencia alguna sobre el Ministerio Público. A su entender, la norma más lógica es que una vez desestimados los cargos por una violación de los términos de "rápido enjuiciamiento", corresponde ciertamente iniciar un nuevo proceso, pero desde la determinación de causa probable para arresto. Véanse E. L. Chiesa Aponte, Los derechos de los acusados y la factura más ancha, 65 Rev. Jur. U.P.R. 83, 89 n.35 (1996); Chiesa Aponte, *supra*, págs. 183-84.[3]

Convencidos, pues, de que la norma establecida en Pueblo v. Ortiz Díaz, *supra*, no se ajusta a las necesidades

_____

*constitucional* a un juicio rápido, ello implicaría, tanto una imposibilidad absoluta de reprocesar al imputado, como la revocación de la convicción en apelación.

[3] Asimismo, tomamos conocimiento judicial de que el Comité Asesor Permanente de Reglas de Procedimiento Criminal, adscrito al Secretariado de la Conferencia Judicial y Notarial de esta Curia, ha propuesto precisamente una normativa similar a la que adoptamos en este caso. En particular, la Regla 301(H) de Procedimiento Penal Propuesta dispone que el imputado pueda solicitar la desestimación de la denuncia por la violación del término pautado para la celebración de la vista preliminar. Véase Regla 301 Propuesta, Proyecto de Reglas de Procedimiento Penal, enero de 2008, Sec. Conf. Judicial y Notarial, págs. 27-29. Al respecto, el inciso (B) de la regla propuesta establece un término de sesenta días para celebrar la vista preliminar, una vez verificado el arresto de la persona imputada, o treinta días después del arresto si estuviera detenida en la cárcel. A su vez, dicha regla dispone que de no haber prescrito la acción penal, el Ministerio Público podrá volver a someter el caso "para determinar causa probable para arresto" dentro de un término razonable a partir de la fecha de la desestimación. Proyecto de Reglas de Procedimiento Penal, *supra*.

de la sociedad en que vivimos actualmente, ni responde a una concepción correcta de la intención de las Reglas de Procedimiento Criminal en esta materia, dejamos sin efecto la misma. Continuar aplicando dicha norma tendría el efecto nocivo de restarle importancia a la Regla 64(n) y su regulación estatutaria del derecho a un rápido enjuiciamiento en Puerto Rico, ya que "una vez infringida, lo único que [el Ministerio Público tendría] que hacer es esperar el día en que se va a presentar la moción [de desestimación] y radicar una nueva acusación". Pueblo v. Ortiz Díaz, *supra*, págs. 255-56 (Op. Disidente). No podemos avalar dicha práctica.[4]

En atención a todo lo anterior, procedamos a disponer concretamente del caso ante nuestra consideración.

IV.

En el caso de autos, la vista preliminar en contra del señor Camacho Delgado fue citada para tres fechas distintas. En el tercer señalamiento, ante el hecho de que había transcurrido el término correspondiente para celebrar la referida audiencia, el Tribunal de Primera Instancia desestimó las denuncias ante su consideración y excarceló al

---

[4] Tomamos esta determinación luego de analizar los factores que se utilizan generalmente para ponderar la revocación de una norma jurisprudencial, a saber: (1) si la decisión anterior era claramente errónea; (2) si sus efectos sobre el resto del ordenamiento son adversos; y (3) si la cantidad de personas que confiaron en la misma es limitada. Véase González Natal v. Merck Sharp & Dohme, 2006 T.S.P.R. 2, res. 5 de enero de 2006 (Op. de Conformidad); véanse, además, United States v. Reliable Transfer Co., 421 U.S. 397 (1975); W. N. Eskridge, Jr., Overrulling Statutory Precedents, 76 Georgetown L.J. 1361 (1988).

imputado. Como hemos señalado anteriormente, el Ministerio Público no recurrió de esa determinación ante el Tribunal de Apelaciones. Más bien, el Estado presentó posteriormente una moción al amparo de lo resuelto en Pueblo v. Montezuma Martínez, *supra*, junto con una copia de las denuncias desestimadas. En dicha moción, solicitó que se continuara el caso penal y se pautara una nueva vista preliminar.

Ante estas circunstancias, es forzoso concluir que el foro de instancia actuó correctamente al denegar la solicitud del Ministerio Público. Confrontado por una desestimación debido a la violación del término consignado en la Regla 64(n)(5) de Procedimiento Criminal, el Estado tenía tres opciones: (1) recurrir de dicha determinación ante el Tribunal de Apelaciones; (2) aceptar el dictamen del foro de instancia y, de tratarse de un caso por delito grave, iniciar otro proceso con la presentación del "proyecto de denuncia" correspondiente para una nueva determinación de causa probable para arresto; o (3) negarse a procesar al ciudadano, de acuerdo con la facultad discrecional que le reconoce nuestro ordenamiento penal al Ministerio Público.

En vista de que el Estado no recurrió a alguna de estas alternativas, y dado que resolvemos mediante la presente Opinión que éste no podía solicitar una nueva vista preliminar tras haberse tardado injustificadamente en procesar al señor Camacho Delgado inicialmente, revocamos la Sentencia dictada por el Tribunal de Apelaciones en este

caso. Si el Ministerio Público interesa procesar nuevamente al señor Camacho Delgado, y de estar a tiempo para ello, podrá presentar las denuncias objeto del caso de epígrafe ante un magistrado para la determinación de causa probable para arresto que corresponda.

V.

Por los fundamentos antes expuestos, se revoca la Sentencia dictada por el Tribunal de Apelaciones en este caso y, en su lugar, se confirma el dictamen del Tribunal de Primera Instancia, Sala Superior de Caguas.

Se dictará Sentencia de conformidad.

Federico Hernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        v.                         CC-2007-1179      Certiorari

Jesús Camacho Delgado

    Peticionario

SENTENCIA

San Juan, Puerto Rico, a 27 de octubre de 2008.

      Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se revoca la Sentencia dictada por el Tribunal de Apelaciones en este caso y, en su lugar, se confirma el dictamen del Tribunal de Primera Instancia, Sala Superior de Caguas.

      Así lo pronuncia y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez disiente sin opinión escrita.

                   Aida Ileana Oquendo Graulau
                Secretaria del Tribunal Supremo